FRED S. JAMES & Co., a Corporation, Respondent, *v.* THE SECOND RUSSIAN INSURANCE COMPANY, Appellant.

First Department, February 21, 1924.

Corporations — foreign corporation — jurisdiction — action by assignee of claim of British insurance company against insurance company doing business in this State as branch of Russian insurance company authorized to do business here — jurisdiction of person of defendant acquired by service on Superintendent of Insurance — decrees of Russian Soviet government dissolving parent company not recognized here — general appearance of defendant is defense to claim that court had not jurisdiction — agreement between British government and Soviet government as to claims of nationals is defense and does not deprive court of jurisdiction of subject-matter.

In an action by the assignee of a claim by a British insurance company against an insurance company doing business in this State as a branch of a Russian insurance company which has been authorized to do business here, jurisdiction

of the person of the defendant is acquired by the service of the summons upon the State Superintendent of Insurance though the parent company has been dissolved by decrees of the Russian Soviet government, since such decrees are not recognized in this State, and, therefore, the Russian company must be considered as still existing and authorized to do business here through the defendant.

Furthermore, the general appearance by the defendant is a complete answer to the claim that the court had not jurisdiction of the person of the defendant.

The court has jurisdiction of the subject of the action, whether it arose here or in the British Empire, and is not deprived of that jurisdiction by any agreement made between the British government and the Soviet government in relation to the claims of the nationals of the respective governments, since such an agreement is effective only as a matter of defense and does not go to the jurisdiction of the court over the subject-matter of the action.

Appeal by the defendant, The Second Russian Insurance Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of June, 1923, denying the defendant's motion made under rule 107 of the Rules of Civil Practice to dismiss the complaint.

*William S. Thomson* [*Albert Massey* of counsel], for the appellant.

*Louis J. Wolff,* for the respondent.

Smith, J.:

The motion is made on the complaint and certain affidavits and is made on two grounds, *first,* that the court has not jurisdiction of the person of the defendant, and *second,* that the court has not jurisdiction of the subject of the action.

The plaintiff is a New York corporation and is the assignee of a claim against the defendant in favor of a British corporation called the Eagle Star and British Dominions Insurance Company, Ltd. The defendant is a corporation organized under the laws of Russia and doing business in New York State and has complied with the Insurance Law of the State of New York. The summons and complaint herein were served on the Superintendent of Insurance of the State of New York January 4, 1923. Thereafter the defendant made the motion above referred to, returnable on the 20th day of March, 1923.

As to the first question presented, I think the court had jurisdiction of the person of the defendant. The business was done by the defendant as a branch of a Russian corporation and it complied with the law as to doing business within this State. It is true that the main company in Russia had been dissolved by the Soviet government, but those decrees we do not recognize, so that the question is presented as though this defendant were a branch of a Russian corporation authorized to do business within this State.

As such it is subject to the jurisdiction of this court by service upon the Superintendent of Insurance, which was made. Furthermore, there was an appearance generally in the action and this would be a complete answer to the claim of the defendant that the court had not jurisdiction of the person of the defendant.

As to the second ground upon which this motion is based, to wit, that the court had no jurisdiction of the subject of the action, if it be true that we do not recognize the dissolution of this corporation by the Soviet government, the subject must be considered as though the parent corporation existed now in Russia and was doing business through its branch insurance company in the United States. The right to the enforcement of a judgment obtained as against New York State creditors does not arise because that is a matter to be adjusted after the judgment is obtained.

The question is further raised that the plaintiff takes by assignment from a British corporation, and that by special agreement between the British government and the Soviet government, the decrees of the Soviet government have been recognized and the debts between the nationals of the British and Soviet governments are to be settled by diplomatic negotiation. This question, in my judgment, can be raised only in defense of the action, and does not go to the jurisdiction of the court over such an action, inasmuch as we have not recognized the Soviet government, nor any of its decrees. This court has jurisdiction, therefore, over any cause of action arising here or in the British Empire, subject only to such defenses as may be properly urged to the payment of these claims. If the British government had agreed with the Soviet government to offset all claims of their nationals against the nationals of the other governments, those facts appearing in the pleadings would present the question to this court to decide as to whether the plaintiff's assignor, being a British subject, had any claim upon the assets of this insurance company. It does not, however, go to the jurisdiction of the subject-matter of the action, and the jurisdiction of the subject of the action is the question that is raised by this motion.

In my judgment the Special Term was right, therefore, in denying the defendant's motion, and the order should be affirmed, with ten dollars costs and disbursements, with leave to the defendant to answer on payment of said costs.

CLARKE, P. J., MERRELL, FINCH and MARTIN, JJ., concur.

Order affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within twenty days from service of order upon payment of said costs.