FRED S. JAMES & COMPANY, a Corporation, Respondent, *v.* THE SECOND RUSSIAN INSURANCE COMPANY, Appellant.

First Department, July 2, 1924.

**Pleadings — reply — action by assignee of claim of British corporation against Russian insurance company — defense that defendant was nationalized or dissolved by Soviet government — defense is not good — reply not required.**

In an action on a claim in favor of a British corporation against the defendant, which was assigned to the plaintiff, a reply will not be required to new matter alleged in the answer as a defense to the effect that the defendant had been nationalized or dissolved by the Soviet government, since the defense is not sufficient inasmuch as this country has never recognized the Soviet government nor any of its acts and its various decrees are of no force in this jurisdiction.

APPEAL by the defendant, The Second Russian Insurance Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of May, 1924, denying defendant's motion to require plaintiff to reply to the first, second, third and fourth defenses set up in the answer.

*Thomson & Massey* [*Albert Massey* of counsel], for the appellant.

*Rumsey & Morgan* [*Louis J. Wolff* of counsel; *David Rumsey* with him on the brief], for the respondent.

McAVOY, J.:

The order which we now review denies the defendant's motion to require the plaintiff to reply to certain defenses set up in the answer. We have ruled on a prior occasion upon this cause, where the denial of the defendant's motion to dismiss the complaint, upon affidavits presenting matters of cognate type with those urged upon this appeal, was affirmed (*James & Co.* v. *Second Russian Insurance Co.*, 208 App. Div. 141).

The plaintiff is a New York corporation, the defendant a Russian

insurance company. The new matter to which a reply is sought is the defense of the " nationalization " of the defendant insurance company in common with others by decree of the Soviet government, as affected by the recognition by Great Britain of that *régime*. The defendant is at the present time doing business in this State.

We pointed out in *James & Co.* v. *Second Russian Insurance Co. (supra)*, upon its former appearance here, the effect of the Soviet decree as a defense to this action. The various " Decrees of People's Commissaries " issued by the Soviet *régime* have been held to be of no force in this jurisdiction because of the non-recognition, by our Federal authorities who carry on our diplomatic intercourse, of the ruling body in Russia promulgating these decrees.

The assertion that the treaty between Great Britain and the Soviet government dissolves the claims of British nationals against Russian nationals, and releases and extinguishes them, cannot be countenanced in so far as debts sued upon in our courts are concerned, unless the treaty is binding upon the owner of the claim here, or a release importing a surrender of the obligation is pleaded. No such treaty is shown to be in existence, and none such is attempted to be pleaded in the answer.

If the claim sued upon has been released either by its owner or by a treaty binding upon its owner, a reply from the plaintiff as to his proposed method of avoidance would be required. The defenses here, however, do not disclose such treaty or release pleaded, but rely solely upon the so-called nationalization or dissolution of the defendant by the Soviet decree as validated by British recognition, as being an extinguishment of its debts. Our precise ruling is to the contrary.

It may be that it is a necessary conclusion from the treaty relation of the Soviets and Great Britain, that under the British law the Russian insurance companies could not owe a debt to plaintiff's assignor, the British corporation, The Eagle, Star and British Dominions Insurance Company, Ltd., subsequent to the treaty with Great Britain, and that an assignment thereof on December 12, 1922, more than twenty months after the Treaty of London, transferred no cause of action against the Russian Insurance Company to the plaintiff; and it would be a necessary conclusion under our law, if Soviet Russia were a country recognized by the United States. Such result would come about from the exercise of the right of eminent domain by Great Britain to take the property of its nationals — not from any action of even a recognized Soviet government. The defendant is, therefore, urgent of the position that our treaty relations with Russia whether Soviet or Imperialistic,

First Department, July, 1924.          [Vol. 210

could not affect the status of the claims of nationals or Great Britain's unqualified right to transfer them to whomsoever and for whatever purposes that government might deem proper; that the recognition of Great Britain by our government alone determines the rights of plaintiff's assignor. There is a high degree of plausibility in this argument.

But we cannot believe that we can thus give effect indirectly to the existence of the Russian Socialist Federated Soviet Republic. So far as we are concerned, Soviet Russia cannot exist even for the purpose of dealing with another national sovereignty. If we recognize that Great Britain, by transfer to Soviet Russia, has power to extinguish debts even of its own nationals, we must necessarily assume that Soviet Russia is a sovereign government; for, surely, we cannot assume that Great Britain would transfer to a mere colony of people without authorized sovereignty in the family of nations, its nationals' property, and that our government and courts will countenance the transfer as validly accomplished under our law or on principles of comity, because a sovereign with whom we are friendly has exercised its own right of recognition to another state which our policy withholds. This would effectively destroy our government's attitude of non-intercourse with Russia's ruling body. The facts of the actual release of these claims by The Eagle, Star and British Dominions Insurance Company, Ltd., the plaintiff's assignor, either by treaty, which we recognize, or by some foreign law which comity induces us to accept, are not in the plea, and hence a reply will not be ordered.

The order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING and MARTIN, JJ., concur; SMITH, J., concurs in result.

Order affirmed, with ten dollars costs and disbursements.