TROPHY PRODUCTIONS, INC., Respondent, v CINEMA-VUE CORPORATION, Appellant.

First Department, June 29, 1976

*James J. Harrington* of counsel *(Lester Schwab Katz & Dwyer,* attorneys), for appellant.

*Gordon Marshall* for respondent.

LUPIANO, J. The complaint herein contains two causes of action the first cause, alleging that, pursuant to an agreement dated December 13, 1965 between plaintiff Trophy Productions, Inc. (hereinafter "Trophy") and defendant Cinema-Vue Corporation (hereinafter "Cinema"), the latter agreed to pay the former $150,000, no part of which has been paid, although duly demanded; the second cause alleging that Cinema agreed to pay Barnett Glassman the sum of $1,000 per month commencing February 1, 1968, which claim was assigned by Glassman to Trophy, and that there is now due from Cinema to Trophy the sum of $44,000 for the period from February 1, 1968 to September 30, 1971. A judgment of default in the sum of $258,175 was entered in this action on or about December 3, 1971, defendant having failed to appear or plead. Defendant moved to vacate this default judgment, which motion was partially granted by Special Term (GELLINOFF, J.) in a memorandum decision dated March 15, 1972, which provides in pertinent part: "Motion * * * for an order vacating the default judgment is granted as to the first cause of action and denied as to the second cause of action with leave to renew upon proper papers which shall include a copy of a proposed answer * * * Glassman is president of both plaintiff and defendant corporations. As such officer he knew the whereabouts of an officer of defendant, but chose to make service on the Secretary of State, knowing that such service

would result in the mailing of the summons and complaint to an address where defendant was no longer located. That service was calculated to, and in fact did, avoid actual notice of this action until after judgment was entered. Relief pursuant to CPLR 5015 (a) (3) is warranted because the judgment was procured in a manner where actual notice was not given. The affidavit of merit is sufficient as to the first cause of action." Although the parties were directed to "(s)ettle order", it appears that no order was settled. Nevertheless, plaintiff Trophy moved to restore the default judgment. By order dated July 6, 1973, Special Term (GELLINOFF, J.) denied plaintiff's motion *although defaulted* "with leave to renew upon service of an order to show cause upon an officer of defendant *other than Barnett Glassman.* As * * * noted in an earlier decision in this case: 'Glassman is president of both [parties]'. Glassman previously acted in a manner likely to avoid actual notice to defendant of the commencement of the action. The court will not assume that service upon him by plaintiff constituted actual notice to defendant." (Emphasis supplied.)

By order to show cause dated March 22, 1974, plaintiff again moved to reinstate the default judgment. A copy of this order, according to the affidavit of service of one Monroe Berrot, a member of the law firm representing plaintiff, was served on one Kenneth Rooney, the vice-president of the defendant. Special Term (GELLINOFF, J.) in a memorandum decision dated May 2, 1974 granted plaintiff's motion *on default* with a direction that the parties "(s)ettle order". By notice of motion returnable June 5, 1974, defendant again moved for an order setting aside the default judgment, alleging in an affidavit of Joseph P. Smith, a stockholder and director of defendant, that Kenneth Rooney was not nor ever had been a vice-president or officer of defendant. It was stated that Samuel A. Costello is defendant's vice-president. Despite the fact that plaintiff had theretofore moved to reinstate the default judgment and that the parties had acted in light of Justice GELLINOFF's decision dated March 15, 1972 as if it were an order, plaintiff pointed out in opposition to defendant's motion that no order was ever entered thereon. Plaintiff further alluded to an order (judgment) entered June 30, 1972, in a prior article 78 proceeding which concerned an agreement among, *inter alia,* the stockholders of Cinema requiring the unitary voting of Cinema-Vue stock. Nowhere did plaintiff dispute the defendant's assertion that Rooney was not one of

its officers. Nevertheless, by order dated August 22, 1974, and entered August 26, 1974, Special Term (QUINN, J.) denied defendant's motion to set aside the default judgment with the brief observation: "There is an inadequate showing of merit to the application." Parenthetically, it should be noted that an order was settled on Special Term's determination granting plaintiff's motion to reinstate the judgment, which order was dated June 20, 1974 and entered June 26, 1974. Defendant appeals from Special Term's order (QUINN, J.) entered August 26, 1974.

Subsequently, defendant moved to reargue its motion to vacate the default judgment, alluding to information that Mr. Rooney in an interview conducted by the F.B.I. had denied any association with Cinema. In opposition, Mr. Rooney submitted an evasive affidavit in which he merely denied ever having made such statement to a representative of the F.B.I., but did not set forth whether or not he was, in fact, an officer of defendant. Nevertheless, Special Term (QUINN, J.), by order entered November 4, 1974, denied the defendant's motion. Undaunted, defendant made a second motion for reargument on the ground of newly discovered evidence to vacate the default judgment. This motion, returnable before Special Term on December 19, 1974, was referred to Justice SARAFITE due to the death of Justice QUINN. Pointing out that Mr. Rooney in his affidavit on the prior motion "studiously" avoided claiming that he was an officer, defendant notes that plaintiff is also claiming that Rooney was hired as an interim officer and as managing agent of defendant corporation at a meeting of the corporation held on November 20, 1973. Defendant further pointed out that the purpose of this annual stockholders' meeting set forth in the notice of same was "To Elect members of the Board of Directors for the coming year." A copy of the minutes of this stockholders' meeting annexed to defendant's papers discloses that the defendant's president, Glassman, objected to a holding of a meeting of the board of directors immediately following the stockholders' meeting despite the insistence of the other stockholders, Mr. Costello and Mr. Smith. As it was the understanding of the stockholders that pursuant to the terms of the decision of Justice NADEL dated April 21, 1972 that they are required to vote as a unit, the proposed resolution authorizing such board meeting was not adopted. At this juncture the meeting concluded. No mention was made of Rooney acting or to be retained in the

capacity of an "interim officer" or "managing agent". Despite this presentation, plaintiff in conclusory fashion stated that there was no new evidence and again did not dispute defendant's assertion that Rooney is not an officer or managing agent. Defendant's motion was treated as one for reargument, rather than as a motion to renew upon papers containing additional facts and information and was denied with the statement that "(t)he court has not overlooked any controlling fact or principle of law" (order dated January 20, 1975 and entered January 22, 1975). Defendant appeals also from this order.

Despite the fact that no order appears to have been settled on Special Term's memorandum decision dated March 15, 1972 (GELLINOFF, J.), the parties have proceeded as if an order had been settled thereon. They have charted their own course and are deemed to have consented to the law to be applied. "[P]arties to a civil litigation, in the absence of a strong countervailing public policy, may consent, formally or *by their conduct,* to the law to be applied (see, e.g., *Brady v Nally,* 151 NY 258, 264; *Martin v Pettit,* 117 NY 118, 122; *Matter of New York, Lackawanna & Western R.R. Co.,* 98 NY 447, 452-453; *Reilly v Insurance Co. of North Amer.,* 32 AD2d 918; cf General Obligations Law, § 17-103 [agreements to waive the Statute of Limitations]; *Ryan Ready Mixed Concrete Corp. v Coons,* 25 AD2d 530, 531; Uniform Commercial Code, § 1-105 [choice of law rules]; see, generally, comment, Waiver of Objection by Trial Conduct, 42 Neb L Rev 807)" *(Martin v City of Cohoes,* 37 NY2d 162, 165-166).

Patently, on this record and in light of the aforesaid, defendant is entitled to a hearing as to whether Kenneth Rooney is an officer or managing agent of defendant corporation and, if so whether he is a mere nominee of Barnett Glassman. In the prior article 78 proceeding *(Matter of Glassman v Smith),* Justice NADEL in a memorandum decision observed that "(p)ursuant to [Cinema's] by-laws and pursuant to the agreement of [Joseph P. Smith, Samuel A. Costello] and [Cinema's] controlling stockholder, all shares of Cinema were required to be jointly voted as a unit." The judgment settled thereon, dated June 20, 1972, and entered June 30, 1972, provides in pertinent part that Joseph P. Smith is enjoined from acting as an officer of Cinema unless unanimously consented to by all the stockholders and is restrained from "interfering" with the business of Cinema. We affirmed this

judgment *(Matter of Glassman v Smith,* 42 AD2d 1051). Both Smith and Costello are clearly not prevented from protecting their interests as stockholders in Cinema or from protecting Cinema's interest in its defense in this action. Under the instant circumstances which are imbued with due process considerations, the protection of Cinema's interest is not frustrated by the terms of the judgment in the article 78 proceedings. Clearly, that judgment emanated from and was based upon an agreement dated December 13, 1965 which expressly provides that the stockholders of Cinema vote their shares "as a unit" on all matters, including the filling of officerships of the corporation and "to carry out and make effective all the terms and provisions of [the] agreement." The judgment cannot be construed as preventing Smith, a director and stockholder of Cinema, from discharging his duties and responsibilities to Cinema in raising the issue as to whether Barnett Glassman on behalf of plaintiff has observed the direction of Special Term to effect service on the defendant Cinema in such manner as to effect actual notice.

Accordingly, the order of the Supreme Court, New York County (QUINN, J.), entered August 26, 1974, should be modified on the law and the facts and in the exercise of discretion to the extent of vacating the denial of defendant's motion to set aside the default judgment entered in December, 1971, insofar as the first cause of action of the complaint is concerned, and directing a hearing as to whether service was effected upon an officer of defendant other than Barnett Glassman in accordance with the foregoing observations of this court, and as so modified the order should be affirmed, with costs and disbursements. In view of the foregoing, the appeal from the order of said court (SARAFITE, J.), entered January 23, 1975, denying a subsequent motion to renew, should be dismissed as academic.

KUPFERMAN, J. P., MURPHY, SILVERMAN and LANE, JJ., concur.

Order, Supreme Court, New York County, entered on August 26, 1974, unanimously modified, on the law and the facts and in the exercise of discretion to the extent of vacating the denial of defendant's motion to set aside the default judgment entered in December, 1971, insofar as the first cause of action of the complaint is concerned, and directing a hearing as to whether service was effected upon an officer of defendant

other than Barnett Glassman in accordance with the opinion of this court, and, as so modified, the order is affirmed, with $40 costs and disbursements to appellant; and the appeal from the order, Supreme Court, New York County, entered on January 23, 1975, unanimously dismissed as academic, without costs and without disbursements.