■ LEWIS MINTZ, Respondent, v ASTORIA HOLDING CORPORATION, Appellant.—In an action on a contract, defendant appeals from an order of the Supreme Court, Nassau County, dated July 27, 1976, which denied its motion to vacate a default judgment entered in favor of plaintiff and against it on June 4, 1976. Order reversed, with $50 costs and disbursements, motion granted, with the judgment to stand as security, and the attachment of defendant's bank account is vacated. Defendant's time to answer is extended until 20 days after entry of the order to be made hereon. Plaintiff,

although well aware of the whereabouts of his brother, the president of the defendant corporation, effected service upon the defendant by serving the Secretary of State. Such action renders *Trophy Prods. v Cinema-Vue Corp.* (53 AD2d 18, 19-20) apposite, for plaintiff "chose to make service on the Secretary of State, knowing that such service * * * was calculated to, and in fact did, avoid actual notice of this action until after judgment was entered." Since the judgment was procured without actual notice, relief lies under CPLR 5015 (subd [a], par 3). Moreover, defendant has demonstrated excusable default under the circumstances within CPLR 5015 (subd [a], par 1) and the existence of a "colorably meritorious defense". Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.