■ In the Matter of BARBARA L. BARAN et al., as Supervisors and Caseworkers of the Division of Social Services of the Department of Social Services of the County of Wayne, Respondents, v RITA OTTERBEIN, as Commissioner of the Department of Social Services of the County of Wayne, et al., Appellants. — Order reversed, with costs, stay vacated and petition dismissed. All concur, Cardamone, J. P., not participating. Memorandum: Petitioners, employees of the Human Services Division of the Wayne County Department of Social Services, are also members of the AFL-CIO International Union of Electrical Workers, Local 382. As such, they are covered by a collective bargaining agreement with the county which provides for a grievance procedure culminating in binding arbitration. Due to an extraordinarily large backlog in dictation, on June 6, 1980 respondent Katherine Quealy, Director of Human Services, issued a memorandum which canceled vacation and compensatory time "to anyone who has any incomplete dictation". Petitioners commenced a CPLR article 78 proceeding by service of an order to show cause which stayed enforcement of the memorandum and sought to have the directive annulled on the basis that it attached conditions to vacation and compensatory time that were outside the collective bargaining contract and were thus illegal. Respondents answered with a notice of motion seeking dismissal of the petition on the basis that petitioners failed to pursue their administrative remedies under the grievance procedures of the collective bargaining agreement. Special Term

denied respondents' motion to dismiss, referred the matter to a Referee for a hearing and continued the temporary restraining order enjoining enforcement of the memorandum. The public policy in New York as expressed by the Legislature in the "Taylor Law" is to encourage voluntary resolution of labor disputes involving public employees through forums such as arbitration (Civil Service Law, § 200 *et seq.; Belmont Cent. School Dist. v Belmont Teachers Assn.,* 51 AD2d 653; *Matter of Board of Educ. [Auburn Teachers Assn.],* 49 AD2d 35, 38; *Matter of City School Dist. of City of Poughkeepsie [Poughkeepsie Public School Teachers Assn.],* 35 NY2d 599). A review of this record reveals that the collective bargaining agreement between the parties contains a broad arbitration clause that would encompass this dispute. Special Term, therefore, was required to dismiss petitioners' application (CPLR 7801, subd 1). Since petitioners failed to avail themselves of the grievance procedure set forth in the collective bargaining agreement, they are precluded from seeking relief within the provisions of CPLR article 78 *(Matter of Plummer v Klepak,* 48 NY2d 486, 489; *Matter of Flemming v Cagliostro,* 53 AD2d 187, 189; *Merante v Burns,* 47 AD2d 671). Furthermore, Special Term erroneously referred this matter to a Referee for a hearing. Without the consent of both parties, a trial court may only order a reference to determine an issue where the trial will require the examination of a long account, including actions to foreclose mechanic's liens; or to determine an issue of damages separately triable and not requiring a trial by jury; or where otherwise authorized by law (CPLR 4317, subd [b]). CPLR 7804 (subd [g]) specifies that: "Where an issue specified in question four of section 7803 is not raised, the court in which the proceeding is commenced shall itself dispose of the issues in the proceeding." It is only when a proceeding has been transferred to the Appellate Division pursuant to CPLR 7803 (subd 4) that the appellate court is authorized to have an issue of fact tried by a Referee (CPLR 7804, subd [h]). Finally, a preliminary injunction was inappropriate. Other than a bare allegation that the requirements of the memorandum would cause irreparable damage, there is no evidence in the record to support this allegation. Absent a sufficient showing of irreparable injury, it was error to grant a preliminary injunction. (Appeal from order of Wayne Supreme Court, De Pasquale, J. — art 78.) Present — Cardamone, J. P., Callahan, Doerr, Denman and Moule, JJ.