(October 11, 1988)

■ ANCHOR SAVINGS BANK, F.S.B., Respondent, v ALPHA DEVELOPERS, LTD., Appellant, et al., Defendants.—In a foreclosure action, the defendant Alpha Developers, Ltd. appeals (1) from an order of the Supreme Court, Orange County (Patsalos, J.), dated June 11, 1986, which denied its motion to vacate a default judgment of the same court (Rubenfeld, J.), entered October 28, 1983, and (2) from so much of an order of the same court, dated July 9, 1986, as denied those branches of its motion which were for reargument and/or renewal.

Ordered that the order dated June 11, 1986 is affirmed; and it is further,

Ordered that the appeal from the order dated July 9, 1986 is dismissed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff Anchor Savings Bank, F.S.B. commenced this action for foreclosure against the defendant Alpha Developers, Ltd. (hereafter Alpha) by the personal service of duplicate copies of the summons and verified complaint upon the Secretary of State pursuant to Business Corporation Law § 306. Service was made by the Secretary of State upon Alpha by certified mail to the address designated by Alpha, that address being in care of the attorney David C. Reback. The Department of State received proof of the receipt of process by

Reback's office by the return postcard signed "E. Potash", the name of an attorney associated with Reback.

Upon Alpha's subsequent failure to answer or otherwise respond to the complaint, a default judgment of foreclosure and sale was entered in the Supreme Court, Orange County (Rubenfeld, J.) on October 28, 1983. Approximately 1½ years later, the subject property was sold by the plaintiff and transferred by Referee's deed to Henry Barth and Jeanette Barth who presently have possession of the land but have not been joined as parties to the action.

Ten months after this sale, Alpha allegedly learned that the property had been sold and shortly thereafter made an application to vacate the judgment of foreclosure and sale. The application was supported by the affidavit of one Yigal Bash, who claimed to be the president of Alpha. There were allegations and information in the record to the effect that the corporation's real president was Michael Bash, a brother of Yigal Bash.

By order dated June 11, 1986, the Supreme Court denied Alpha's motion, finding that Alpha failed to establish sufficient grounds to vacate the default judgment. Specifically, it found that there was no competent evidence establishing Yigal Bash's association with Alpha. Alpha appeals from this order.

Alpha then made an application, purportedly for leave to renew and/or reargue the prior application to vacate, and upon renewal and reargument to be granted the relief previously requested, to wit, vacating and setting aside the judgment of foreclosure and sale. In support of this motion and the previous application, Yigal Bash tendered to the court a single-page agreement between Yigal Bash and Michael Bash, which document purported to establish that Yigal Bash had acquired all interest in Alpha. Yigal Bash also presented the court with an affidavit executed by him in California which stated that it had been necessary for him to travel to California to secure the original of that agreement in order to present it to the court. By order dated July 9, 1986, this motion, too, was denied on the ground that Alpha failed to establish a proper basis for the granting of renewal or reargument. Alpha appeals from this order as well.

The motion for renewal and/or reargument was in fact a motion for reargument only, because the movant did not present any material facts which existed at the time the motion to vacate was made but were unknown to it at the

time *(see, Brann v City of New York,* 96 AD2d 923). The relationship of Yigal Bash to the defendant corporation, if indeed there be any, was known to Alpha at the time of the original motion. Alpha has not demonstrated why it was unable to produce, in response to the original motion, the evidence which it purports clearly establishes that Yigal Bash was the president of Alpha. A bare assertion that it was necessary to travel to California to obtain that evidence is not sufficient. Where matter which is not new and was previously available is presented upon a motion to renew, that motion is in substance a motion for reargument, the denial of which is not appealable *(Matter of Dowling v Bowen,* 53 AD2d 862, *lv denied* 40 NY2d 806).

Alpha moved pursuant to CPLR 317 and 5015 to vacate the default judgment of foreclosure and sale. The Supreme Court found that due to the lack of conclusive proof of Yigal Bash's connection to Alpha, the evidence proffered by him was incompetent and accordingly it held that Alpha failed to meet its burden of establishing sufficient grounds to vacate the default judgment under either CPLR 317 or 5015. We concur with that finding.

However, even assuming that Yigal Bash's relationship to Alpha had been established, Alpha still failed to make the required showing of lack of notice and a meritorious defense under CPLR 317 or excusable default coupled with a meritorious defense under CPLR 5015 (a) (1), such as would warrant a vacatur of the default judgment of foreclosure and sale entered against it.

Yigal Bash's affidavit alleging that the Statute of Limitations had expired when the action was commenced arguably constitutes a prima facie showing by Alpha of the existence of a meritorious defense as required in CPLR 317 and by case law under CPLR 5015. Nevertheless, Alpha has not met its burden of showing that it did not receive notice of the summons in time to defend *(see, Sorgie v Dalton,* 90 AD2d 790, *appeal dismissed* 58 NY2d 968, *rearg denied* 59 NY2d 762) in light of the evidence produced by the plaintiff indicating proper service upon Alpha. The evidence indicates that the Secretary of State, pursuant to Business Corporation Law § 306 and CPLR 311 (1), sent the process by certified mail to Alpha's attorney at its former address. The record establishes that the process was not returned to the Secretary of State; on the contrary, it was received by an attorney working in Alpha's attorney's office, the office of David C. Reback, the

addressee specified by Alpha. Therefore, Alpha's motion under CPLR 317 was properly denied.

Having also moved under CPLR 5015 (a) (1), Alpha needed to demonstrate that its default in defending the action was excusable. This court has held that the failure to provide the Secretary of State with a current address for the receipt of process may be cause for excusable default where the defendant did not receive actual notice of the action until after entry of the judgment *(Mintz v Astoria Holding Corp.,* 56 AD2d 595). Alpha cannot avail itself of this excuse however, because as discussed above, the evidence indicates that Alpha did receive notice of the action. Mangano, J. P., Brown, Rubin and Kooper, JJ., concur.