■ FLEETWOOD PARK CORP., Appellant, v JERRICK WATERPROOFING CO., INC., Respondent. [615 NYS2d 695] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Coppola, J.), entered June 19, 1992, which granted the defendant's motion to vacate a default judgment entered August 20, 1991.

Ordered that the order is reversed, with costs, the motion is denied, and the judgment is reinstated.

The plaintiff commenced this breach of contract action by service of a summons and complaint upon the defendant through the Secretary of State pursuant to Business Corporation Law § 306. Service was allegedly made to the old business address of the defendant's designated agent, that being the address of its attorney. Although the attorney's office address had changed in or about December 1987, the Secretary of State was not notified by the defendant due to "clerical oversight". The defendant's attorney alleged that the summons and complaint were never forwarded to the new office, and that the office never received the papers. To the contrary, the evidence indicates that on January 17, 1991, an additional copy of the summons and complaint was mailed to the defendant's corporate address by certified mail, return receipt requested, and by regular first class mail.

Upon the defendant's subsequent failure to answer or otherwise respond to the complaint, a judgment was entered against it in the Supreme Court, Westchester County, on August 20, 1991, in the principal sum of $158,255.49. Approximately nine months later, the defendant allegedly learned about the judgment by coincidence and made an application for a vacatur. By order entered June 19, 1992, the Supreme Court granted the defendant's motion, finding that the defen-

dant adequately demonstrated an excusable default and meritorious defense. The plaintiff now appeals.

Under the circumstances of this case, we find that the defendant failed to demonstrate that its default in defending the action was excusable under CPLR 5015 (a) (1). This Court has previously held that the failure to provide the Secretary of State with a current address for the receipt of process may be cause for a finding that a default was excusable where the defendant did not receive actual notice of the action until after the entry of judgment *(see, Anchor Sav. Bank v Alpha Developers,* 143 AD2d 711, 714; *see also, Beverage Distribs. v Schenley Indus.,* 155 AD2d 356). Here, the defendant cannot avail itself of this excuse, because the evidence indicates that on January 29, 1991, one of the defendant's employees signed the receipt of a certified envelope containing a copy of the summons and complaint. Therefore, the defendant has failed to establish that he did not receive actual notice of this action in time to defend *(see, Anchor Sav. Bank v Alpha Developers, supra; see also, Associated Imports v Amiel Publ.,* 168 AD2d 354).

The defendant has also failed to satisfy the required showing of lack of notice under CPLR 317 *(see,* CPLR 317). Service on a corporation by delivering process to the Secretary of State is not personal delivery to the corporation or to an agent designated under CPLR 318 *(see, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138, 142). For the purposes of this section, personal delivery has been defined as "in-hand delivery" *(see, National Bank v Grasso,* 79 AD2d 871). Although service of the summons was made upon the defendant by service "other than [by] personal delivery," so as to avail the defendant of the provisions of CPLR 317, as discussed above, the defendant has failed to establish that it did not receive actual notice of the summons in time to defend, as required by CPLR 317 *(see, Essex Credit Corp. v Tarantini Assocs.,* 179 AD2d 973). Mangano, P. J., Miller, Hart and Florio, JJ., concur.