OPINION OF THE COURT
Jack M. Battaglia, J.
Plaintiff Linden Chiropractic, EC. seeks leave to enter judgment on its verified complaint against defendant State-Wide Insurance Company, based upon defendant’s alleged failure to answer within the time prescribed by New York City Civil Court Act § 402. Defendant has cross-moved for an order compelling plaintiff to accept its verified answer as timely. For reasons that will appear, defendant’s motion is granted, and plaintiffs motion is denied.
Plaintiff served its summons and verified complaint by delivering copies to the Superintendent of Insurance at 25 Beaver Street, New York City, on February 17, 2005 and filed proof of service on February 22. Defendant was notified by letter dated February 28 from the Superintendent that the papers had been received on February 17. Defendant delivered its verified answer to plaintiff on March 23, but plaintiff returned it on April 6 with a letter rejecting it as untimely.
Plaintiff contends that service was complete on February 17, and that defendant’s answer was due no later than March 9. Plaintiff relies on New York City Civil Court Act § 410 (a) and § 402 (a). Section 410 (a) provides that service is complete “immediately upon delivery to defendant, where § 402(a) is applicable.” Section 402 (a) provides that “[i]f the summons is personally delivered to the defendant within the city of New York, it shall require him to appear and answer within twenty days after its service.” (Emphasis added.) As plaintiff sees it, the summons and verified complaint were “personally delivered to the defendant within the city of New York” on February 17 when the papers were delivered to the Superintendent of Insurance, and, therefore, service was complete on that date, and defendant’s answer was due 20 days thereafter, March 9.
Defendant maintains that service was not complete until February 22, and that its answer was not due until March 23. De *1012 fendant relies on New York City Civil Court Act § 410 (b) and § 402 (b). Section 410 (b) provides that service is complete “upon the filing of proof of service, where § 402(b) is applicable.” Section 402 (b) provides that “[i]f the summons is served by any means other than personal delivery to the defendant within the city of New York, it shall provide that the defendant must appear and answer within thirty days after proof of service is filed with the clerk.” (Emphasis added.) As defendant sees it, the summons and verified complaint were served by a means “other than personal delivery to the defendant within the city of New York,” and, therefore, service was not complete until proof of service was filed on February 22, and defendant’s answer was not due until 30 days thereafter, March 23.
Resolution turns, then, on whether delivery of the papers to the Superintendent’s office in New York City constitutes “personal ] deliver[y] to the defendant within the city of New York” for purposes of New York City Civil Court Act § 402. The court concludes that it does not.
The court notes in the first instance that, in their respective papers, both parties tend, at least on occasion, to use the terms “personal delivery” and “personal service” as if they were the same thing, when they are not. The difference is most obvious from a review of CPLR 308, which prescribes the methods of “personal service” upon a natural person. Subdivisions (1), (2), and (3) of CPLR 308 each describe methods that require “delivering the summons,” whereas subdivision (4) describes affixation and mailing, and subdivision (5) permits service “in such manner as the court. . . directs.”
“Personal delivery means ‘in-hand delivery’ ” (National Bank of N. N.Y. v Grasso, 79 AD2d 871, 871 [4th Dept 1980]; see also Fleetwood Park Corp. v derrick Waterproofing Co., 203 AD2d 238, 239 [2d Dept 1994]), and, so, for example, service by affixation and mailing as described in CPLR 308 (4) is not “personal delivery.” There can be no question that “personal delivery” in the sense of “in-hand delivery” was made here, because the summons and verified complaint were delivered in hand to a representative of the Superintendent. Nor can there be any question that the delivery took place “within the city of New York.” The only question, at least as disputed by the parties, is whether there was “personal delivery to the defendant within the city of New York.” The parties have not cited, and the court has not found, any decision on point.
Again, the issue is not whether there has been “personal service” made on defendant in the city. Whether or not defendant *1013 is authorized, to do business in this state, personal service was made when the papers were delivered to 25 Beaver Street. (See Insurance Law §§ 1212,1213.) The difference between “personal service” and “personal delivery” is important not simply because the words are different, but because of the different purposes for which they are used. “Personal service” establishes the power of the court over the defendant; “personal delivery” in this instance governs the period of time in which the defendant must make its answer. (See, e.g., Deepdale Gen. Hosp. v American Colonial Ins. Co., 144 Misc 2d 917, 918 [App Term, 2d Dept 1989].)
The meaning of the words “personal ] deliver[y] to the defendant,” as used in New York City Civil Court Act § 402 (a) and (b), seems rather clear and consistent with the logic of sections 402 and 410 of the Act. “Personal[ ] deliverty] to the defendant” means in-hand delivery to the defendant itself, and not to someone else as agent for, or otherwise on behalf of, the defendant. When the papers are delivered in hand to the defendant, there is reason to consider service “complete” (see NY City Civ Ct Act § 410 [a]), and to require the defendant to appear and answer within the shorter statutory time period, 20 rather than 30 days. But, when the papers are delivered, even in hand, to someone else for subsequent delivery to the defendant, there is reason to consider service “complete” upon filing of proof of service, an event more easily determined than actual delivery to the defendant, and allowing the defendant the longer statutory time period in which to appear and answer, 30 rather than 20 days. (See also CPLR 320 [a].)
This apparent meaning is also consistent with CPLR 317, a provision that addresses related subject matter. The “parallel provision[s]” of New York City Civil Court Act § 2102 and CPLR 101 make clear that “the CPLR is to govern civil practice and procedure ... to the extent that it is not inconsistent with the procedure of the individual courts as described in their court acts.” (See Ling Ling Yung v County of Nassau, 77 NY2d 568, 572 [1991].) The provisions of the CPLR are sufficiently related to those of the New York City Civil Court Act that they should be considered virtually the same statute for purposes of the rule of statutory construction that looks to all the provisions of the statute as an aid to the meaning of any one. (See McKinney’s Cons Laws of NY, Book 1, Statutes § 97.)
CPLR 317 allows a defendant who has not appeared in an action within the required period, and who was “served with a *1014 summons other than by personal delivery to him or to his agent for service designated under rule 318,” to defend the action upon findings by the court that the defendant “did not personally receive notice of the summons in time to defend and has a meritorious defense.” The relationship of CPLR 317 to New York City Civil Court Act § 402 is obvious, in that it in effect establishes justification for failure to appear as required by section 402 when the defendant does not “personally receive notice of the summons in time” because of service “other than by personal delivery to him or to his agent.”
On its face, CPLR 317 provides some evidence of the intended meaning of New York City Civil Court Act § 402 by making a distinction between in-hand delivery to the defendant itself and in-hand delivery to a designated agent. New York City Civil Court Act § 402 makes no such distinction, speaking only of delivery “to the defendant.” And, for purposes of CPLR 317, an individual who is not served pursuant to CPLR 308 (1) or (3)— even when service is made by “delivering the summons ... to a person of suitable age and discretion” pursuant to CPLR 308 (2) — may obtain relief from its failure to timely answer. (See Concepcion v Talon Realty Corp., 258 AD2d 494 [2d Dept 1999]; Essex Credit Corp. v Tarantini Assoc., 179 AD2d 973, 973-974 [3d Dept 1992].) The implication is clear; “personal delivery to him,” the defendant, does not include personal delivery to someone else for subsequent delivery to the defendant.
Even if, however, the phrase “personal ] deliverty] to the defendant” as used in New York City Civil Court Act § 402 is understood to mean “personal delivery ... to [the defendant] or to his agent for service designated under rule 318,” plaintiffs contention must fail. It is well established that “service on a corporation through delivery of process to the Secretary of State is not ‘personal delivery’ to the corporation or to an agent designated [for service] under CPLR 318.” (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 142 [1986]; see also Calderon v 163 Ocean Tenants Corp., 27 AD3d 410 [2d Dept 2006].)
Plaintiff attempts to distinguish this authority by limiting it to service on the Secretary of State, rather than the Superintendent of Insurance. Its contention, however, is somewhat undermined by Appellate Term’s decision in Deepdale Gen. Hosp. v American Colonial Ins. Co. (144 Misc 2d at 918). The court stated that, under section 410 of the UDCA, which is identical to New York City Civil Court Act § 410 in its reference *1015 to section 402, service on an insurer by delivery to the Superintendent of Insurance is not complete until proof of service is filed. (See id.)
The provisions of Uniform District Court Act § 402, however, are different than those of New York City Civil Court Act § 402. Section 402 (a) of the UDCA requires an answer within 20 days after service if the summons is “personally served within the county on a natural person pursuant to CPLR § 308(1), or on a corporation pursuant to CPLR § 311(1) [sic].” Service pursuant to CPLR 308 (1) is made “by delivering the summons ... to the person to be served.” Service pursuant to CPLR 311 (a) (1) is made by “delivering the summons ... to an officer ... or assistant cashier or to any other agent authorized by appointment or by law to receive service.” Section 402 (b) of the UDCA requires an answer within 30 days after proof of service is filed if the summons is “served otherwise than as designated in subdivision (a).” Note that section 402 of the Uniform District Court Act speaks of “personal service,” whereas section 402 of the New York City Civil Court Act speaks of “personal [ ] deliver [y].”
The provisions of Uniform District Court Act § 402 (a) support this court’s interpretation of New York City Civil Court Act § 402 (a) to the extent that, when service is made on an individual, the shorter 20-day period for answer is limited to personal delivery to the defendant. On the other hand, when service is made on a corporation, the 20-day period for answer also applies when delivery is made “to any . . . agent authorized by . . . law to receive service.” (CPLR 311 [a] [1].) That would appear to include the Superintendent of Insurance. (See Insurance Law §§ 1212, 1213; see also Fred S. James & Co. v Second Russian Ins. Co., 208 App Div 141, 143 [1st Dept 1924]; Diagnostic Rehab. Medicine Serv. v Republic W. Ins. Co., 2003 NY Slip Op 51458[U], *11-19 [Civ Ct, Kings County 2003].) It is not clear why Appellate Term apparently concluded that, when service is made on the Superintendent of Insurance, “service is not complete until the summons is filed with the court.” (Deepdale Gen. Hosp. v American Colonial Ins. Co., 144 Misc 2d at 918.)
Finally, there is CPLR 320, which prescribes the time for the defendant’s appearance in Supreme Court. Appearance is generally required “within twenty days after service of the summons, except that if the summons was served on the defendant by delivering it to an official of the state authorized to receive service in his behalf . . . , the appearance shall be made within *1016 thirty days after service is complete.” (CPLR 320 [a].) The logic of this provision, allowing a longer time when service is made by delivery to a state official than when service is made to the defendant itself, is obviously consistent with this court’s reading of New York City Civil Court Act § 402.
This court concludes that “personal! ] deliver[y] to the defendant within the city of New York,” as used in New York City Civil Court Act § 402, means personal delivery to the defendant itself within the city, and not to the office of a statutory agent; and that, therefore, service based on delivery to a statutory agent is complete when proof of service is filed, so that the defendant’s answer is not due until 30 days after filing. (See NY City Civ Ct Act §§ 402, 410.) If the result would be different under the Uniform District Court Act, it might be explained by the lynchpin of personal service in that statute, as compared to personal delivery in the New York City Civil Court Act, but is insufficient in any event to overcome the plain meaning of section 402 of the New York City Civil Court Act and the other evidence of legislative intent described above.
The defendant’s verified answer was, therefore, timely served.