In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (King, J.), dated September 20, 2016, which granted the motion of the defendant Ekistics Development Corp. pursuant to CPLR 5015 (a) (1) to vacate so much of an order of the same court (Lewis, J.), dated March 12, 2014, as granted that branch of her unopposed motion which was for leave to enter a judgment against that defendant upon its default in appearing or answering the complaint.
 

 Ordered that the order dated September 20, 2016, is affirmed, with costs.
 

 In this personal injury action, service was made upon the defendant Ekistics Development Corp. (hereinafter Ekistics) pursuant to Business Corporation Law § 306 by delivery of the summons and complaint to the Secretary of State. Thereafter, Ekistics sought to vacate an order that granted a motion by the plaintiff for leave to enter a default judgment against it based upon its failure to answer or appear, claiming that service had been made at its former address. Contrary to the plaintiff’s contentions, the Supreme Court properly granted the motion by Ekistics to vacate its default.
 

 “A defendant seeking to vacate a default pursuant to CPLR 5015 (a) (1) must demonstrate both a reasonable excuse for the default and a potentially meritorious defense” (Dalton v Noah Constr. & Bldrs., Inc., 136 AD3d 730, 731 [2016]). While a corporate defendant’s failure to update its address for service that is kept on file with the Secretary of State generally does not constitute a reasonable excuse (see e.g. Vengrenyuk v Exxonmobil Oil Corp., 144 AD3d 670, 671 [2016]; Gershman v Midtown Moving & Stor., Inc., 123 AD3d 974, 975 [2014]), a court is not precluded from finding a reasonable excuse in such a case where the circumstances warrant it (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 143 [1986]; Udell v Alcamo Supply & Contr. Corp., 275 AD2d 453, 454 [2000]; Fleetwood Park Corp. v Jerrick Waterproofing Co., 203 AD2d 238, 239 [1994]; Anchor Sav. Bank v Alpha Developers, 143 AD2d 711, 714 [1988]). Here, Ekistics established a reasonable excuse by submitting evidence that it attempted to update its address on file with the Secretary of State at the time it moved to a new location, that it was unaware that its address had not been updated in the Secretary of State’s files, that it did not acquire actual notice of this action until long after the order authorizing entry of a default judgment against it had been issued, and that the plaintiff knew its actual business address but sent no notice of the action to that address (see Dalton v Noah Constr. & Bldrs., Inc., 136 AD3d at 731; Mintz v Astoria Holding Corp., 56 AD2d 595 [1977]). Moreover, Ekistics demonstrated a potentially meritorious defense to the action by submitting evidence that it had no control over, and no responsibility for, a power cable on the sidewalk over which the plaintiff allegedly tripped. Accordingly, the motion by Ekistics pursuant to CPLR 5015 (a) (1) to vacate its default was properly granted.
 

 The parties’ remaining contentions either are without merit or need not be reached in light of our determination.
 

 Mastro, J.P., Sgroi, Cohen and Maltese, JJ., concur.