<partyblock>

Gentlecare Ambulatory Anesthesia Services; Lyonel F. Paul, M.D., as Assignee of Lumene, Erick, Appellant,

against

GEICO Ins. Co., Respondent.

The Rybak Firm, PLLC (Damin J. Toell and Richard Ruzhik of counsel), for appellant.

Rivkin Radler, LLP (J'Naia L. Boyd of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Richard J. Montelione, J.), entered November 3, 2017. The order granted defendant's motion to vacate an order of that court (Robin Kelly Sheares, J.) dated August 12, 2016 granting plaintiff's prior unopposed motion for summary judgment, and upon such vacatur, to deny plaintiff's prior motion and grant defendant's motion for summary judgment dismissing the complaint, to the extent of vacating the August 12, 2016 order and the judgment entered January 10, 2017 pursuant thereto, and, in effect, denying plaintiff's prior motion and "reinstat[ing]" an October 27, 2016 order of that court (Robin S. Garson, J.) granting defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order entered November 3, 2017 is reversed, with $30 costs, and the matter is remitted to the Civil Court for a new determination of defendant's motion to vacate the August 12, 2016 default order, and, upon such vacatur, to deny plaintiff's prior motion for summary judgment and grant defendant summary judgment dismissing the complaint.

In this action by a provider to recover assigned first-party no-fault benefits, plaintiff served a motion for summary judgment on October 7, 2015, returnable on November 9, 2015, which, by stipulation, was adjourned to August 12, 2016. On December 23, 2015, while [*2]plaintiff's motion was pending, defendant served a motion for summary judgment dismissing the complaint, returnable on January 25, 2016, which, by stipulation, was adjourned to October 26, 2016. On August 12, 2016, despite defendant's request for an adjournment of plaintiff's motion to the return date of defendant's own pending motion for summary judgment, presumably so that the motions could be decided together, the Civil Court (Robin Kelly Sheares, J.) granted plaintiff's unopposed motion for summary judgment. Three days later, on August 15, 2016, plaintiff served opposition papers to defendant's still-pending motion for summary judgment, which plaintiff denominated as "Defendant's cross-motion"; those papers also referenced and purported to further support "plaintiff's motion for summary judgment."

By order to show cause signed on October 20, 2016, defendant moved to vacate the August 12, 2016 order granting plaintiff's unopposed motion for summary judgment and, upon such vacatur, to deny plaintiff's prior motion and grant defendant summary judgment dismissing the complaint. While that motion was pending, the Civil Court (Robin S. Garson, J.), by order entered October 27, 2016, granted defendant's motion for summary judgment dismissing the complaint. On January 10, 2017, a default judgment was entered awarding plaintiff the principal sum of $2,418.95, based upon the August 12, 2016 order. On August 18, 2017, plaintiff served opposition papers to defendant's October 20, 2016 motion. Defendant subsequently served reply papers, attaching the October 27, 2016 order granting its motion for summary judgment dismissing the complaint. By order entered November 3, 2017, the Civil Court (Richard J. Montelione, J.) granted defendant's motion to the extent of vacating the August 12, 2016 order and the January 10, 2017 judgment entered pursuant thereto, and, in effect, denying plaintiff's prior motion and "reinstat[ing]" the October 27, 2016 order granting defendant's motion for summary judgment dismissing the complaint, giving it "full force and effect."

In order to vacate a default order or judgment pursuant to CPLR 5015 (a) (1), a defendant must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (see Li Fen Li v Cannon Co., Inc., 155 AD3d 858 [2017]; Aurora Loan Servs., LLC v Ahmed, 122 AD3d 557 [2014]). Here, in the November 3, 2017 order, the Civil Court relied on the October 27, 2016 order, which awarded summary judgment to defendant, to find that defendant had a potentially meritorious defense to the action sufficient to warrant the vacatur of the August 12, 2016 order.

A grant of summary judgment is the procedural equivalent of a trial (see Falk v Goodman, 7 NY2d 87, 91 [1959]; News Am. Mktg., Inc. v Lepage Bakeries, Inc., 16 AD3d 146 [2005]), and an order granting such relief is as final and as conclusively determinative of all issues in an action as is a judgment after trial (see Engel v Aponte, 51 AD2d 989 [1976]; Riley v Southern Transp. Co., 278 App Div 605 [1951]). Here, the grant of summary judgment to plaintiff by order dated August 12, 2016 was a final determination of the action. Therefore, the Civil Court should not have issued its October 27, 2016 order granting defendant's motion for summary judgment, since it should not even have entertained that motion, as that motion did not seek to vacate the August 12, 2016 order granting plaintiff's motion for summary judgment upon defendant's default. Consequently, it was error for the Civil Court, in its November 3, 2017 order, [*3]to rely on the October 27, 2016 order
and to find, by virtue of the October 27, 2016 order, that defendant had established a meritorious defense, in order to grant the branch of defendant's motion seeking to vacate the August 12, 2016 order (and, in effect, the January 10, 2017 judgment entered pursuant thereto). Rather, the Civil Court should have made its own independent assessment of the merits of the branch of defendant's motion seeking to vacate the August 12, 2016 order based on the facts submitted in those motion papers in order to determine whether the default should be vacated and, if so, whether upon such vacatur, the branch of defendant's motion seeking summary judgment should be granted.

Accordingly, the order entered November 3, 2017 is reversed and the matter is remitted to the Civil Court for a new determination of defendant's motion to vacate the August 12, 2016 default order and, upon such vacatur, to deny plaintiff's prior motion for summary judgment and grant defendant summary judgment dismissing the complaint.

WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: January 17, 2020

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>