**BD15 LLC v MLHB, LLC**

2024 NY Slip Op 30385(U)

February 1, 2024

Supreme Court, New York County

Docket Number: Index No. 655392/2021

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. SABRINA KRAUS** | **PART**       **57M** |
| | *Justice* | |

------------------------------------------------------------------------X

BD15 LLC,

                                Plaintiff,

                     - v -

MLHB, LLC, MONEY-PENNY HOLDING LLC

                         Defendants.

------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 655392/2021 |
| **MOTION DATE** | 12/29/2023 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123

were read on this motion to/for        VACATE - DECISION/ORDER/JUDGMENT/AWARD.

## BACKGROUND

Plaintiff commenced this action seeking damages based on its allegation that it was defrauded out of millions of dollars by Defendants through a scheme to buy and re-sell a famous and rare diamond, once owned by Shirley Temple (the "Blue Diamond"). Defendants failed to appear and pursuant to a decision and order dated June 24, 2022, this Court granted Plaintiff a default judgment in the amount of $2,610,826.28.

MLHB, LLC has now appeared and moved to vacate the default judgment. For the reasons set forth below, the motion is granted.

## DISCUSSION

CPLR § 317 provides in pertinent part:

A person served with a summons other than by personal delivery to him or to his agent for service designated under rule 318 … who does not appear may be allowed to defend the action within one year after he obtains knowledge of entry of the judgment, but in no

**655392/2021 BD15 LLC vs. MLHB, LLC ET AL**
**Motion No. 003**

**Page 1 of 4**

1 of 4

event more than five years after such entry, upon a finding of the court that he did not personally receive notice of the summons in time to defend and has a meritorious defense. If the defense is successful, the court may direct and enforce restitution in the same manner and subject to the same conditions as where a judgment is reversed or modified on appeal.

Personal service on a corporation means in-hand delivery to a corporate representative such as an officer, director or managing agent. CPLR §311(a)(1). Delivery to the New York Secretary of State is not personal delivery to the corporation. *See Rivera v. Triangle Excavators of New York, LLC*, 173 a.d.3D 1088 (2d Dept 2019); *Fleetwood Park Corp. v. Jerrick Waterproofing Corp.*, 203 A.D.2d 238, 239, 615 N.Y.S.2d 695, 697 (2d Dept. 1994).

Movant submits the affidavit of Marianne Lafiteau ("ML") in support of the motion. ML is the sole member of MLHB LLC, and the Executrix of the Estate of Henri Barguirdjan ("HB"). ML married HB in March 2018. On October 13, 2020, HB hung himself at the parties' Southampton home. Shortly after his suicide, ML learned that her marriage was a sham and HB had never divorced his previous wife. ML also began to discover a series of frauds and deceptions HB allegedly engaged in and was faced with several litigations in that regard.

ML asserts she first learned of this action in January 2023, when Plaintiff executed on part of the judgment herein as against some $50,000.00 in a bank account.

ML also asserts that a meritorious defense to this action. She asserts that HB acted in his individual capacity regarding the sale of the diamond. ML acknowledges that MLHB did receive a portion of the Blue Diamond investment in its account, but asserts that MLHB discharged any obligation it had, if any, with respect to those funds when the funds were transferred to Windsor in payment of HB and the investors' interest in the Blue Diamond. ML asserts that MLHB retained none of the investor funds, nor did MLHB benefit from the investor funds. ML asserts that those initial funds came into the MLHB account and were

**655392/2021   BD15 LLC vs. MLHB, LLC ET AL**
**Motion No.  003**

**Page 2 of 4**

2 of 4

contemporaneously transferred out of that account, and that MLHB acted as nothing more than a conduit to facilitate the transaction between HB and Duke Buchan for their purchase of their interest in the Blue Diamond. MLHB received nothing on the sale of the Blue Diamond and has no retained property of any of the creditors.

Finally, it is undisputed that Plaintiff never filed proof of service of the motion which resulted in the judgment being entered with the Court, and that many of the mailings made in connection in this action were addressed to HB, whom ML alleges Plaintiff knew to be deceased.

Movant does not contest that this court has personal jurisdiction over MLHB.

Based on the foregoing, the Court finds that movant has established a basis to vacate the judgment pursuant to CPLR § 317. The Court notes the strong preference for cases to be disposed of on their merits rather than on default and for each party to have their day in court. *Navarro v. A. Trenkman Estate, Inc.*, 279 A.D.2d 257 [1st Dept. 2000].

WHEREFORE it is hereby:

ORDERED that defendant's motion to vacate its default herein is granted on condition that defendant serve and file an answer to the complaint herein within 20 days from the date of this order; and it is further

ORDERED that judgment entered herein is hereby vacated as to MLHB, LLC only and shall remain in full force and effect as to Money-Penny Holding, LLC ; and it is further

ORDERED that any further executions on said judgment as against MLHB, LLC be deemed null and void; and it is further

ORDERED that the portion of the motion seeking to direct plaintiff to return funds already collected on the judgment to ML is denied without prejudice to MLHB's rights to make claims in regard to same at trial; and it is further

**655392/2021  BD15 LLC vs. MLHB, LLC ET AL**
**Motion No.  003**

Page 3 of 4

3 of 4

ORDERED that counsel appear for a virtual preliminary conference on February 28, 2024, at 11:00am; and it is further

ORDERED that any relief not specifically addressed herein has been considered and is denied; and it is further

OREDERD that the Clerk is directed to restore this action to the active calendar; and it is further

ORDERED that defendant shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office; and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the addresswww.nycourts.gov/supctmanh);].

This constitutes the decision and order of this Court.

_____2/1/2024_____
**DATE**

20240201155239SBKRAUS1EB860CE9AAC4904A9DCAC683ECC848C

_____
**SABRINA KRAUS, J.S.C.**

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**655392/2021   BD15 LLC vs. MLHB, LLC ET AL**
**Motion No.  003**

**Page 4 of 4**

[* 4]                                    4 of 4