Marquez v GBS Supply, Inc. (2025 NY Slip Op 04468)

Marquez v GBS Supply, Inc.

2025 NY Slip Op 04468

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-12205
 (Index No. 710963/16)

[*1]Santiago Marquez, appellant, 
v
GBS Supply, Inc., respondent, et al., defendants.

H. Bruce Fisher, Tappan, NY, for appellant.
Abrams Fensterman, LLP, Lake Success, NY (Jeffrey R. Neuman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered September 8, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendant GSB Supply, Inc., which was pursuant to CPLR 5015(a)(1) to vacate a judgment of the same court (Joseph J. Esposito, J.) entered December 9, 2019, upon that defendant's failure to appear or answer the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In this personal injury action, service was made upon the defendant GSB Supply, Inc. (hereinafter GSB), pursuant to Business Corporation Law § 306 by delivery of the summons and complaint to the Secretary of State. On December 9, 2019, a judgment was entered against GSB upon its failure to appear or answer the complaint (hereinafter the default judgment). GSB subsequently moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the default judgment, arguing that service had been made at its former address. In an order entered September 8, 2023, the Supreme Court, among other things, granted that branch of GSB's motion. The plaintiff appeals.
"A defendant seeking to vacate a default in answering a complaint pursuant to CPLR 5015(a)(1) must show both a reasonable excuse for the default and the existence of a potentially meritorious defense" (6 Crannell St., LLC v Urban Green Equities, LLC, 207 AD3d 603, 604 [internal quotation marks omitted]; see Natanel v Plaza Ins. Co., 200 AD3d 890, 890). A motion to vacate a default judgment pursuant to CPLR 5015(a)(1) on the ground of excusable default must be made within one year after service upon the moving party of a copy of the judgment, with notice of its entry (see id.; Nurhan v Harley, 237 AD3d 728; Yung Chong Ho v Uppal, 130 AD3d 811, 812-813).
Contrary to the plaintiff's contention, that branch of GSB's motion which was pursuant to CPLR 5015(a)(1) to vacate the default judgment was not untimely, since there is no evidence that the plaintiff ever served GSB with written notice of entry of the default judgment (see Torres v Rely On Us, Inc., 165 AD3d 731, 733; Capurso v Capurso, 134 AD3d 974, 975; Garcia v Pepe, 42 AD3d 427, 430). Accordingly, the one-year time period never commenced (see CPLR [*2]5015[a][1]).
Further, the Supreme Court providently exercised its discretion in granting that branch of GSB's motion which was pursuant to CPLR 5015(a)(1) to vacate the default judgment. "While a corporate defendant's failure to update its address for service that is kept on file with the Secretary of State generally does not constitute a reasonable excuse, a court is not precluded from finding a reasonable excuse in such a case where the circumstances warrant it" (Li Fen Li v Cannon Co., Inc., 155 AD3d 858, 859 [citations omitted]; see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 143). Here, GSB established a reasonable excuse by submitting evidence that it attempted to update its address on file with the Secretary of State, was unaware that the address had not been updated, and did not acquire actual notice of this action until after the default judgment had been entered (see Li Fen Li v Cannon Co., Inc., 155 AD3d at 859). GSB also demonstrated a potentially meritorious defense to the action by submitting evidence that during the relevant time period, it did not occupy or control the premises where the plaintiff's accident allegedly occurred (see id.).
In light of the foregoing, we need not reach the parties' remaining contentions.
CONNOLLY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court