■ RIVERHEAD SAVINGS BANK, Plaintiff, v NICHOLAS C. GAR-ONE et al., Defendants, EUROPEAN AMERICAN BANK & TRUST COMPANY, Appellant, and T.L.C. REALTY CORP., Respondent.—In an action to foreclose a mortgage, the defendant European American Bank & Trust Company appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated May 8, 1990, which (1) granted the motion of the defendant T.L.C. Realty Corp. to vacate an order of the same court, dated February 9, 1990, and (2) remitted the matter to a referee for a de novo surplus moneys hearing.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, and the motion of T.L.C. Realty Corp. to vacate the prior order dated February 9, 1990, is denied.

The plaintiff Riverhead Savings Bank (hereinafter River-head) held a mortgage on certain real property located in Mt. Sinai, New York, as security for a debt in the sum of $46,000. The defendant T.L.C. Realty Corp. (hereinafter T.L.C.), claims to hold a second mortgage on the same property as security for a debt in the sum of $125,000. The defendant European American Bank & Trust Company (hereinafter European American) is a judgment creditor of the defendants Nicholas C. Garone and Robin Garone.

In 1988, Riverhead brought the present action to foreclose its mortgage on the subject property. It is undisputed that the defendant T.L.C., a New York corporation, was properly served with process in Riverhead's action when, on March 23, 1988, two copies of the summons and complaint were deliv-

ered to an authorized representative of the Corporation Division of the Department of State in Albany (see, Business Corporation Law § 306). However, T.L.C. never answered Riverhead's complaint, never appeared in the foreclosure action, and was, therefore, in default.

After a foreclosure sale took place and after the mortgage debt owed to Riverhead had been satisfied, there remained the sum of $153,844.87, which was deposited in the office of the Treasurer of Suffolk County. A surplus moneys hearing was scheduled to take place before a Referee on December 21, 1989. There is no question that on November 30, 1989, a "notice to attend hearing" was mailed to several parties, including T.L.C. Realty Corp., 271 Dune Road, Westhampton Beach, New York 11978. According to T.L.C.'s attorney, this address has at all relevant times been the principal office of T.L.C. as well as the residence of its sole shareholder and director. However, no representative of T.L.C. appeared at the surplus moneys hearing. Thus, T.L.C.'s default continued.

On February 9, 1990, the Supreme Court, Suffolk County, granted a motion to confirm the report of the Referee who had conducted the surplus moneys hearing, and directed the Suffolk County Treasurer to pay the moneys being held by her to the defendant European American. This would partially satisfy the pre-existing judgment in favor of European American and against the Garones. Once again, T.L.C. failed to oppose the motion to confirm, with which it had concededly been served, and the order dated February 9, 1990, was accordingly made without opposition.

On February 13, 1990, T.L.C. moved by order to show cause for an order "staying, vacating, or modifying" the order dated February 9, 1990. European American opposed this motion. On May 8, 1990, the Supreme Court granted T.L.C.'s motion, vacated its prior order, and remitted the matter to a Referee "for the purpose of conducting a surplus moneys hearing". This appeal by European American followed.

There is no basis upon which to vacate the order of the Supreme Court dated February 9, 1990. The defendant-respondent T.L.C. was at all stages given all the notice the law requires, both with respect to the commencement of the underlying foreclosure action (see, Business Corporation Law § 306) and with respect to the surplus moneys hearing (see, RPAPL 1361 [3]).

Pursuant to the latter statute, T.L.C.'s status as a party claiming to have "a recorded lien against the [subject] prop-

erty" (RPAPL 1361 [3]) may have entitled it to notice of the impending "hearing on [the] disposition of surplus money", notwithstanding its having defaulted in the underlying foreclosure action (see generally, Matter of Lobbett v Galpin, 228 App Div 65; Dime Sav. Bank v Pine Dr. Assocs., 28 Misc 2d 648). However, the only notice which the statute requires is "by mail or in such other manner as the court shall direct" (RPAPL 1361 [3]). Since there is no proof that the court made any other direction, service by ordinary mail at T.L.C.'s principal place of business must be considered valid.

It is, therefore, clear that there are no jurisdictional grounds for vacatur of the order dated February 9, 1990 (see, CPLR 5015 [a] [4]). Although T.L.C.'s attorney, whose affidavit was "verified" by an officer of T.L.C., stated that T.L.C. never received actual notice of the summons and complaint filed with the Secretary of State, this would not warrant vacatur of the order dated February 9, 1990, except upon proof of a meritorious claim (see, CPLR 5015 [a] [1]; 317). Also, although this attorney made a conclusory assertion that T.L.C. had not received notice of the foreclosure action until service upon it of European American's motion to confirm, it is undisputed that this motion was served on T.L.C. at the same address as that to which the notice of the surplus moneys hearing had previously been sent. Under these circumstances, the presumption that the notice of surplus moneys hearing was received, which arises upon the basis of proof that it was mailed (Engel v Lichterman, 62 NY2d 943), cannot be considered as having been rebutted (see, e.g., Gurwicz v Greenberg, 166 AD2d 303; Matter of Rapuzzi v City of New York, Civ. Serv. Commn., 161 AD2d 715; Matter of Rosa v Board of Examiners, 143 AD2d 351 [mere denial of receipt does not rebut presumption based on mailing]). There are thus no grounds upon which to vacate the order dated February 9, 1990, as a matter of law. In fact, by conceding, in a reply affidavit, that "it is clear that the Court ha[d] jurisdiction", T.L.C.'s attorney appears to have conceded that the court had jurisdiction to make the order dated February 9, 1990.

There is also no basis for vacating the order dated February 9, 1990, as a matter of discretion. Relief from a default judgment or order is warranted pursuant to CPLR 5015 (a) (1) only upon proof of both a meritorious claim and a reasonable excuse for the default. As noted above, T.L.C.'s attorney admits that T.L.C. received European American's motion to confirm but did not explain his client's failure to oppose that motion. Furthermore, T.L.C. has failed to show a meritorious

claim, so that vacatur would not be warranted, either pursuant to CPLR 5015 (a) (1) or pursuant to CPLR 317.

T.L.C. claims that its mortgage was issued and recorded before European American's judgment against the Garones was entered, so that the debt reflected in that mortgage is entitled to superiority. However, as noted by European American in opposition to T.L.C.'s motion to vacate, there is in fact no proof of any underlying indebtedness owing to T.L.C. Although the mortgage instrument itself refers to a note in the sum of $125,000, this note was never produced. Moreover, it is claimed by T.L.C. that the mortgage given by Mr. Garone on the subject property was issued to secure not Mr. Garone's own debt, but rather the debt of a non-party, Central Paving, Inc. Yet the list of creditors filed in connection with the bankruptcy proceeding brought by this supposed debtor, Central Paving, Inc., does not mention T.L.C.

Considering all the circumstances of this case, we conclude that in order to establish the merit of its claim in a manner sufficient to warrant vacatur of a prior order, T.L.C. should have, produced at the very least a copy of the mortgage note and proof that the debt reflected in that note was in fact incurred by the alleged debtor upon a transfer to it, from T.L.C., of the sum of $125,000. The affidavit of T.L.C.'s attorney, "verified" by an officer of T.L.C., contains no assertion that T.L.C. in fact loaned $125,000, or any other amount, to Central Paving, Inc. In sum, while T.L.C.'s submissions may prove that T.L.C. was given an interest in real property to secure a debt, those submissions do not prove the existence or the amount of the debt itself. For this reason alone, a discretionary vacatur of the order dated February 9, 1990, is not warranted.

Consequently, the order appealed from is reversed, and T.L.C.'s motion to vacate the prior order is denied. Bracken, J. P., Harwood, Balletta and Copertino, JJ., concur.