■ In the Matter of CNA INSURANCE COMPANY, Respondent, v STEPHEN RAUSO, Appellant, et al., Respondent. [624 NYS2d 454] —In a proceeding pursuant to CPLR article 75 to stay the arbitration demanded by the appellant, Stephen Rauso appeals (1) from an order of the Supreme Court, Nassau County (McCarty, J.), entered March 15, 1993, which granted the application, and (2) as limited by his brief, from so much of an order of the same court, entered July 30, 1993, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered March 15, 1993, is dismissed, as that order was superseded by the order entered July 30, 1993, made upon reargument; and it is further,

Ordered that the order dated July 30, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the petitioner is awarded two bills of costs.

The appellant was involved in a car accident caused by one car which, after hitting a second car, then hit the appellant's car. The car that hit the appellant's car was uninsured at the time of the accident, a fact which the appellant did not ascertain until 23 months after the accident, although there is no indication he could not have done so earlier. The appellant did not inform his employer's insurance company, the petitioner, of his claim for coverage under the employer's uninsured motorist policy within the time limit set forth in the insurance contract (see, General Acc. Ins. Group v Cirucci, 46 NY2d 862). He did not notify the petitioner of his claim until 23 months after the accident. He provided no mitigating factors or acceptable excuse for this lapse, and thus failed to act with due diligence in notifying the petitioner (see, State Farm Mut. Auto. Ins. Co. v Romero, 109 AD2d 786; Jenkins v Burgos, 99 AD2d 217).

The appellant's remaining contentions are either not preserved for appellate review, having been raised for the first time on appeal, or they are without merit. Rosenblatt, J. P., Miller, Lawrence and Florio, JJ., concur.