■ BOARD OF MANAGERS OF THE LANDINGS AT PATCHOGUE CONDOMINIUM, Appellant, v 263 RIVER AVENUE CORP., Respondent, et al., Defendants. [663 NYS2d 291] —In an action to foreclose upon a lien for unpaid condominium charges, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Hall, J.), dated February 4, 1997, which, *inter alia,* (a) granted the motion of the defendant 263 River Avenue Corp. pursuant to CPLR 317 to vacate a judgment of foreclosure of the same court (Newmark, J.), entered July 2, 1996, upon its default in appearing or answering the complaint, (b) vacated an order of the same court dated October 24, 1996, confirming the Referee's report of sale, and (c) declared the Referee's deed dated August 15, 1996, null and void, and (2), as limited by its brief, from so much of an order of the same court, dated June 16, 1997, as, upon renewal, adhered to its prior determination. The plaintiff's notice of appeal from the decision dated December 19, 1996, is deemed a premature notice of appeal from the order dated February 4, 1997 (CPLR 5520 [c]).

Ordered that the appeal from the order dated February 4, 1997, is dismissed, as that order was superseded by the order dated June 16, 1997, made upon renewal; and it is further,

Ordered that the order dated June 16, 1997, is reversed

insofar as appealed from, on the law, the respondent's motion to vacate its default .is denied, the order dated February 4, 1997, is vacated, and the judgment of foreclosure, the order confirming the Referee's report of sale, and the Referee's deed are reinstated; and it is further,

Ordered that the appellant is awarded one bill of costs.

On its motion for renewal, the plaintiff presented evidence that effectively rebutted the respondent's preliminary showing pursuant to CPLR 317 that it had not received notice of the instant lawsuit in time to defend it. Accordingly, the respondent's motion to vacate its default should have been denied. Specifically, the plaintiff submitted a letter from the Secretary of State's office confirming that the latter had sent process by certified mail to the address designated by the respondent (see, e.g., Engel v Lichterman, 95 AD2d 536, 538, affd 62 NY2d 943; see also, Riverhead Sav. Bank v Garone, 183 AD2d 760, 762). Appended to the letter was a certified mail receipt, evidencing that said process had been signed for by someone at the respondent's address. The mere denial by the respondent's president of receipt, without more, was insufficient to overcome this showing of effective service of process (see, e.g., Fleetwood Park Corp. v Jerrick Waterproofing Co., 203 AD2d 238; Anchor Sav. Bank v Alpha Developers, 143 AD2d 711, 713-714), especially since the respondent's president admitted that he subsequently received the order confirming the Referee's report of sale at the same address (see, Riverhead Sav. Bank v Garone, supra). Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.