■ CHRISTINE FACEY, Individually and as Mother and Natural Guardian of MARTIN BRAITHWAITE, an Infant, Respondent, v JAMES HEYWARD, Appellant. [664 NYS2d 119] —In a negligence

action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated December 4, 1996, which, after a hearing, denied his motion to vacate a judgment of the same court, dated December 15, 1995, entered upon his default in appearing, and which was in favor of the plaintiffs and against him in the principal sum of $250,000.

Ordered that the order is affirmed, with costs.

Contrary to the defendant's contention, the hearing court's factual findings, based upon its assessment of the credibility of the witnesses at the hearing, should not be disturbed, as that court had the opportunity to see and hear them and was in the best position to assess their truthfulness (see, Cautela Realty v McDonald, 239 AD2d 481; Laurenzano v Laurenzano, 222 AD2d 560, 561). The evidence at the hearing established that the defendant was validly served pursuant to CPLR 308 (2). Thus, the court properly denied the branch of the defendant's motion which was to vacate his default on the ground that the court did not obtain jurisdiction over him (see, CPLR 5015 [a] [4]; Marks v Buongiovanni, 214 AD2d 653).

The hearing court did not improvidently exercise its discretion in denying the branch of the defendant's motion which was to vacate his default pursuant to CPLR 317, as the evidence indicates that the defendant received notice of the summons in time to defend the instant action. The plaintiffs submitted competent evidence that a copy of the summons and complaint was properly mailed to the defendant at his residence, and thus, it must be presumed that he received it (see, Engel v Lichterman, 95 AD2d 536, 538, affd 62 NY2d 943; Riverhead Sav. Bank v Garone, 183 AD2d 760, 762). His mere denial of receipt, without more, does not rebut the presumption (see, Matter of Rosa v Board of Examiners, 143 AD2d 351), especially where, as here, the plaintiffs presented evidence at the hearing that the defendant's wife received and signed for another certified mailing at the same address (see, Riverhead Sav. Bank v Garone, supra; Leon v Murphy, 988 F2d 303, 309). Mangano, P. J., Copertino, Joy, Florio and Luciano, JJ., concur.