■ ANDRE BOUTIN et al., Respondents, v AETNA CASUALTY & SURETY COMPANY, Appellant, and SERGE DENIZARD, SR., et al., Respondents. [694 NYS2d 134] —In an action for a judgment declaring that the defendant Aetna Casualty & Surety Company has a duty to defend and indemnify the plaintiffs in an underlying action entitled *Denizard v City of New York,* pending in the Supreme Court, Kings County, under Index No. 8840/95, Aetna Casualty & Surety Company appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Barasch, J.), dated September 24, 1998, which denied its motion for summary judgment, and upon searching the record, declared that it has a duty to defend and indemnify the plaintiffs in the underlying action.

Ordered that the order and judgment is reversed, on the law, with one bill of costs, the motion is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that Aetna Casualty & Surety Company does not have a duty to defend and indemnify the plaintiffs in the underlying action.

The defendant Aetna Casualty & Surety Company (hereinafter Aetna) issued a homeowners' liability policy covering certain property owned by the plaintiffs, Andre Boutin and Gladys Boutin, which required, *inter alia,* that the Boutins give Aetna written notice of an occurrence "as soon as is practical".

On January 30, 1994, the defendant Serge Denizard, Sr., allegedly slipped and fell on the sidewalk in front of the Boutins' property. In or about March 1995 Denizard and his wife commenced an action against, among others, the Boutins. The affidavits of service with respect to that action indicate that the Boutins were served with the summons and complaint on April 4, 1995, by "affix and mail" service pursuant to CPLR 308 (4).

By letter dated February 16, 1996, following the receipt of a copy of a motion for leave to enter a default judgment in the underlying action, the Boutins' attorneys informed Aetna of the underlying action for the first time. Aetna disclaimed coverage because of the Boutins' delay in notifying it of the occurrence, concluding that the Boutins received notice of the underlying action in April 1995 (i.e., the date on which they were allegedly served with the summons and complaint in that action).

In response to Aetna's disclaimer, the Boutins brought the instant action for a judgment declaring that Aetna was obligated to defend and indemnify them in the underlying action. Aetna moved for summary judgment and a declaration that it has no obligation to defend or indemnify the Boutins in the underlying action, based upon the Boutins' alleged delay in providing notice of the alleged occurrence. Although the Boutins withdrew a cross motion for summary judgment, the court denied Aetna's motion for summary judgment and searched the record and awarded the Boutins the relief sought in the complaint. We reverse.

In support of its motion for summary judgment, Aetna submitted the affidavits of service in the underlying action, which established a prima facie case that copies of the summons and complaint were mailed to the Boutins at their home address in April 1995. Therefore, "it must be presumed that [they] received it" (*Facey v Heward,* 244 AD2d 452, 453, citing *Engel v Lichterman,* 95 AD2d 536, 538, *affd* 62 NY2d 943; *see, Riverhead Sav. Bank v Garone,* 183 AD2d 760, 762). The Boutins' conclusory denials of receipt, without more, were insufficient to rebut this presumption (*see, Facey v Heward, supra; Matter of Rosa v Board of Examiners,* 143 AD2d 351).

"It is well settled that where an insurance policy requires an insured to provide notice 'as soon as practicable' of an occurrence, such notice must be provided within a reasonable time under all the circumstances", and "[t]he burden is on the insured to show that there was a reasonable excuse for the delay" (*Lukralle v Durso Supermarkets,* 238 AD2d 318, 319). Here, the Boutins' unexplained delay in providing Aetna with

notice of the underlying action was not reasonable (*see, Matter of CNA Ins. Co. v Rauso,* 213 AD2d 712; *Shaw Temple A.M.E. Zion Church v Mount Vernon Fire Ins. Co.,* 199 AD2d 374). Therefore, Aetna was entitled to summary judgment declaring that it does not have a duty to defend and indemnify the Boutins in the underlying action. S. Miller, J. P., Sullivan, Friedmann and Feuerstein, JJ., concur.