■ BLAINE UDELL et al., Respondents, v ALCAMO SUPPLY & CONTRACTING CORPORATION, Appellant. [713 NYS2d 77] —In an action, *inter alia,* to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Seidell, J.), dated November 18, 1998, which denied its motion, *inter alia,* to vacate a judgment of the same court, entered August 20, 1998, in favor of the plaintiffs and against it in the sum of $20,435, upon its default in answering or appearing.

Ordered that the order is affirmed, with costs.

Pursuant to CPLR 317, relief from a default judgment may be obtained upon a showing that the defendant did not receive actual notice of the summons in time to defend and has a meritorious defense (*see, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138; *Kavourias v Big Six Pharmacy,* 262 AD2d 456; *Fleetwood Park Corp. v Jerrick Waterproofing Co.,* 203 AD2d 238). Although the defendant's address for service of process on file with the Secretary of State was not current, the defendant failed to rebut proof offered by the plaintiffs that an additional copy of the summons and complaint was mailed to its current business address. The affirmation of service by the

plaintiffs' counsel raised a presumption that a proper mailing occurred (*see, Engel v Lichterman,* 62 NY2d 943; *Facey v Heyward,* 244 AD2d 452), and the defendant's mere denial of receipt, without more, was insufficient to rebut the presumption (*see, Facey v Heyward, supra*).

The Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 5015, as the defendant failed to present a reasonable excuse for its default. Although a corporation's failure to maintain a current address on file with the Secretary of State does not necessarily preclude a finding of an excusable default under CPLR 5015 (*see, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., supra; Fleetwood Park Corp. v Jerrick Waterproofing Co., supra*), here the record supports the Supreme Court's finding that the defendant willfully ignored notices that were sent to its current business address by plaintiffs' counsel, including a copy of the summons and complaint, notice of the motion for a default judgment, and notice of the hearing on damages.

Finally, to obtain relief under CPLR 317 or 5015, the defendant was required to establish that it had a meritorious defense to the action (*see, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., supra; Schiller v Sun Rock Bldg. Corp.,* 260 AD2d 566). In view of the evidence presented by the plaintiffs, the conclusory allegations by the defendant were insufficient to meet its burden. Accordingly, the Supreme Court properly exercised its discretion in denying the defendant's motion to vacate the default judgment. O'Brien, J. P., Thompson, Sullivan and Altman, JJ., concur.