■ PHYLLIS DiBLASIO et al., Appellants, v JEFFREY B. KAUFMAN et al., Respondents. [722 NYS2d 880] —In an action to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Kings County (Belen, J.), dated July 12, 2000, which granted the defendants' motion to vacate a judgment of the same court, dated November 11, 1996, entered upon their default in answering the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the judgment is reinstated.

To vacate a default judgment pursuant to CPLR 317, a defendant must show that he or she did not receive actual notice of the summons in time to defend the action, and a meritorious defense (*see, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138; *Udell v Alcamo Supply & Contr. Corp.,* 275 AD2d 453). The defendants did not satisfy these requirements. The testimony presented at the hearing established that the summons and complaint in this action were duly mailed to the defendants' law office, raising a presumption of delivery which was not adequately rebutted by the defendants (*see, Engel v Lichterman,* 62 NY2d 943; *Udell v Alcamo Supply & Contr. Corp., supra*; *Facey v Heyward,* 244 AD2d 452). Furthermore, the defendants failed to demonstrate the existence of a meritorious defense to this legal malpractice action, which is predicated upon their failure to file a summons and complaint on behalf of the plaintiffs who retained them to commence an action (*cf., Alexander v County of Westchester,* 248 AD2d 419). Accordingly, the defendants' motion to vacate their default should have been denied. Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.