■ Alfonso De La Barrera, Respondent, v Rita Handler et al., Defendants, and Samuel Roth, Appellant. [736 NYS2d 249] —In an action to recover damages for personal injuries, the defendant Samuel Roth appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (G. Aronin, J.), dated May 10, 2001, as denied that branch of his motion which was pursuant to CPLR 5015 to vacate a judgment of the same court (I. Aronin, J.), entered October 26,

1999, on his default, or pursuant to CPLR 317 to open his default.

Ordered that the order is affirmed insofar as appealed from, with costs.

The branch of the appellant's motion which was pursuant to CPLR 5015 to vacate a judgment entered on his default, or pursuant to CPLR 317 to open his default, was untimely because it was not made within one year of service upon him of a copy of the default judgment with notice of entry (*see,* CPLR 317, 5015 [a] [1]). In any event, the Supreme Court properly exercised its discretion in denying the motion. With regard to the application for relief under CPLR 317, the appellant failed to demonstrate that he did not receive actual notice of the summons in time to defend. Mere denials of receipt are insufficient to rebut the presumption of proper service created by a properly-executed affidavit of service (*see, Udell v Alcamo Supply & Contr. Corp.,* 275 AD2d 453; *Facey v Heyward,* 244 AD2d 452). With regard to the application for relief under CPLR 5015 (a) (1), the appellant failed to proffer a reasonable excuse for his failure to respond to numerous notices of default (*see, J.P. Equip. Rental & Materials v Fidelity & Guar. Ins. Co.,* 288 AD2d 187; *Matter of Gambardella v Ortov Light.,* 278 AD2d 494; *Parker v City of New York,* 272 AD2d 310). Such a pattern of default or neglect is considered intentional and should not be excused (*see, Eretz Funding v Shalosh Assoc.,* 266 AD2d 184; *Roussodimou v Zafiriadis,* 238 AD2d 568).

The appellant's remaining contentions are without merit. Altman, J.P., Adams, Townes and Prudenti, JJ., concur.