■ HARRY KOPMAN, Appellant, v BLUE RIDGE INSURANCE COMPANY et al., Respondents. [745 NYS2d 472] —In an action for a judgment declaring that the defendants are obligated to defend and indemnify the plaintiff in an underlying action entitled Paula v William Dye Realty Corp., in the Supreme Court, Kings County, under Index No. 24041/98, the plaintiff appeals from an order of the Supreme Court, Nassau County (Dunne, J.), entered July 31, 2001, which denied his motion for summary judgment and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine whether the plaintiff provided the defendants with notice of the underlying action within a reasonable time under the circumstances, and a new determination on the motion and the cross motion.

This action arose out of an underlying action to recover damages for injuries allegedly sustained by reason of the presence of lead paint at premises owned by the plaintiff, Harry Kopman, and insured by the defendants Republic Insurance Company and Blue Ridge Insurance Company (hereinafter col-

lectively referred to as Republic). The affidavit of service with respect to that action indicates that Kopman was served with the summons and complaint in August 1998 by so-called "substituted service" pursuant to CPLR 308 (2). In August 1999, Kopman received a copy of a motion for leave to enter a default judgment in the underlying action and informed Republic of that action for the first time. After conducting an investigation, Republic disclaimed coverage because of Kopman's unreasonable delay in notifying it of the occurrence and the lawsuit.

In response to the disclaimer, Kopman brought the instant action for a judgment declaring that Republic was obligated to defend and indemnify him in the underlying action. Kopman moved for summary judgment and Republic cross-moved for the same relief. The Supreme Court denied Kopman's motion and granted Republic's cross motion dismissing the complaint. We disagree.

In support of its motion for summary judgment, Republic submitted the affidavit of service in the underlying action, which established, prima facie, that a copy of the summons and complaint was mailed to Kopman in August 1998. However, any presumption of service raised by the affidavit of service was overcome by Kopman's sworn testimony of significant discrepancies between his wife's physical characteristics and the description of the person allegedly served with process in August 1998 (see Holtzer v Stepper, 268 AD2d 372; Rox Riv 83 Partners v Ettinger, 276 AD2d 782). In light of the foregoing, we find Kopman's denial of receipt of the summons and complaint to be more than a mere conclusory denial and he is entitled to a hearing on this issue (see Frankel v Schilling, 149 AD2d 657; cf. Boutin v Aetna Cas. & Sur. Co., 264 AD2d 434). Santucci, J.P., Feuerstein, Goldstein and Schmidt, JJ., concur.