■ EAST END CHRISTIAN ACADEMY, Respondent, v LONG ISLAND KITCHENS, INC., et al., Appellants, et al., Defendant. [756 NYS2d 881] —In an action, inter alia, for specific performance of a contract to sell real property, which was transferred by the Supreme Court, Suffolk County, to the Surrogate's Court, Suffolk County, the defendants Long Island Kitchens, Inc., and Arthur W. Lee III, individually and as coexecutor of the estate of Arthur W. Lee, appeal from an order of the Surrogate's Court, Suffolk County (Weber, S.), dated April 25, 2002, which granted that branch of the plaintiff's motion which was for leave to enter judgment against them on their default in appearing or answering, and denied their cross motion for leave to serve a late answer. The appeal brings up for review so much of an order of the same court entered October 10, 2002, as, in effect, upon granting the appellants' motion for leave to reargue, adhered to its original determination contained in the portions of the order dated April 25, 2002, appealed from (*see* CPLR 5517 [b]).

Ordered that the appeal from the order dated April 25, 2002, is dismissed, as that order was superseded by the order dated October 10, 2002; and it is further,

Ordered that the order dated October 10, 2002, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the appellants personally.

The Surrogate's Court providently exercised its discretion in denying the appellants' cross motion, in effect, to excuse their default as they furnished no reasonable excuse for their protracted delay in appearing in the action or answering the complaint (*see Gleissner v Singh,* 264 AD2d 811 [1999]; *P & K Marble v Pearce,* 168 AD2d 439 [1990]). Moreover, the Surrogate's Court correctly granted that branch of the plaintiff's motion which was for leave to enter judgment against the appellants upon their default in appearing or answering (*see* CPLR 3215 [a]). Accordingly, the Surrogate's Court correctly

adhered to that determination upon reargument. Santucci, J.P., Krausman, McGinity, Schmidt and Crane, JJ., concur.