*397 In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Weiner, J.), dated October 7, 2002, which granted the motion of the defendants Matthew Carioscia and Elaine R. Carioscia to vacate a judgment of the same court dated April 9, 2002, entered upon their default in appearing or answering.
Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is denied, and the judgment is reinstated.
A defendant seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) must demonstrate both a reasonable excuse for the default and the existence of a meritorious defense (see Kaplinsky v Mazor, 307 AD2d 916 [2003]; O’Leary v Noutsis, 303 AD2d 664 [2003]; Silverman v Deutsch, 283 AD2d 478 [2001]). Here, the respondents failed to offer a reasonable excuse to adequately explain their 16-month delay in appearing in this action (see East End Christian Academy v Long Is. Kitchens, 304 AD2d 523 [2003]; see also Neuman v Greenblatt, 260 AD2d 616 [1999]; Smith v Fritz, 148 AD2d 438 [1989]; Zolov v Donovan, 138 AD2d 484 [1988]). Moreover, the respondents failed to demonstrate the existence of a meritorious defense to this action (see Labor Law § 240 [1]; Joblon v Solow, 91 NY2d 457 [1998]; Gordon v Eastern Ry. Supply, 82 NY2d 555 [1993]; Cuddon v Olympic Bd. of Mgrs., 300 AD2d 616 [2002]). We further note that the claim of Elaine R. Carioscia that she had no knowledge of the commencement of the action until after the entry of the default judgment does not warrant relief pursuant to CPLR 317 because it is insufficient to rebut the presumption of proper service created by the affidavit of service (see 96 Pierrepont v Mauro, 304 AD2d 631 [2003]; De La Barrera v Handler, 290 AD2d 476 [2002]; Silverman v Deutsch, supra). Under these circumstances, the Supreme Court improvidently exercised its discretion in granting the motion to vacate. Florio, J.P, Krausman, Luciano, Townes and Rivera, JJ., concur.