■ Mary DeLisca, Respondent, v Courtesy Transportation Ltd. et al., Appellants. [775 NYS2d 553]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated April 18, 2001, as denied that branch of their motion which was to vacate an order of the same court dated December 6, 2000, granting the plaintiff's motion for leave to enter a default judgment against the defendant Courtesy Transportation Ltd. upon its failure to appear or answer, and setting the matter down for an inquest on damages.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants moved, inter alia, to vacate the corporate defendant's default in appearing or answering the complaint, contending that the corporate defendant had not received notice of this action in time to defend, and had a reasonable excuse for its delay and a meritorious defense (*see* CPLR 317, 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138 [1986]). The corporate defendant failed to establish through competent evidence that it did not receive actual notice of this action in time to defend (*see Fleetwood Park Corp. v Jerrick Waterproofing Co.,* 203 AD2d 238, 239 [1994]). While there is no evidence in the record to show that the corporate defendant actually received process from the Secretary of State (*cf. Board of Mgrs. of Landings at Patchogue Condominium v 263 Riv. Ave. Corp.,* 243 AD2d 668 [1997]; *Fleetwood Park Corp. v Jerrick Waterproofing Co., supra* at 239; *Anchor Sav. Bank v Alpha Devs.,* 143 AD2d 711, 713-714 [1988]), the plaintiff produced evidence indicating that a copy of the summons and complaint had been sent by certified mail to the corporate defendant at 513 Jewett Avenue in Staten Island as early as July 19, 2000, and that the certified mail receipt had been signed by someone at that address. The corporate defendant failed to controvert this evidence.

Furthermore, the corporate defendant failed to demonstrate a reasonable excuse for its six-month delay in appearing in this action (*see* CPLR 5015 [a] [1]; *Dominguez v Carioscia,* 1 AD3d 396 [2003]; *East End Christian Academy v Long Is. Kitchens,* 304 AD2d 523 [2003]).

Accordingly, that branch of the motion which was to vacate was properly denied. Santucci, J.P., Smith, Luciano and Adams, JJ., concur.