■ Terence Coyle et al., Appellants, v Mayer Realty Corp., Respondent, et al., Defendants. [864 NYS2d 75]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated October 2, 2006, as, upon reargument, granted the motion of the defendant Mayer Realty Corp. pursuant to CPLR 317 and CPLR 5015 (a) to vacate a judgment of the same court (Dowd, J.) entered July 24, 2002, in favor of the plaintiffs and against it in the principal sum of $2,400,000, upon its failure to appear or answer, which was denied in an order of the same court dated February 23, 2006.

Ordered that the order dated October 2, 2006, is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and upon reargument, the motion is denied.

The Supreme Court improvidently exercised its discretion in granting that branch of the motion of the defendant Mayer Realty Corp. (hereinafter Mayer Realty) which was pursuant to CPLR 5015 (a) (1) to vacate its default in appearing or answering the complaint, as Mayer Realty failed to demonstrate a reasonable excuse for its five-year delay in appearing in this action (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138, 141 [1986]; *Taylor v Saal,* 4 AD3d 467 [2004]; *Dominguez v Carioscia,* 1 AD3d 396, 397 [2003]). In asserting that it did not receive a copy of the summons and complaint from the Secretary of State, Mayer Realty did not contend that the address on file with the Secretary of State was incorrect, and the mere denial of receipt of a summons and complaint was insufficient to rebut the presumption of proper service created by the affidavit of service (*see Commissioners of State Ins. Fund v Nobre, Inc.,* 29 AD3d 511 [2006]).

Similarly, that branch of the motion of Mayer Realty which was pursuant to CPLR 317 to vacate the default judgment should have been denied, as Mayer Realty failed to demonstrate that it did not receive notice of the action in time to defend (*see* CPLR 317; *Yellow Book of N.Y., Inc. v Weiss*, 44 AD3d 755, 756 [2007]; *Commissioners of State Ins. Fund v Nobre, Inc.*, 29 AD3d 511 [2006]; *Dominguez v Carioscia*, 1 AD3d at 397; *96 Pierrepont v Mauro*, 304 AD2d 631 [2003]).

In light of our determination, we need not address the parties' remaining contentions. Fisher, J.P., Lifson, Covello and McCarthy, JJ., concur.