■ DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for LONG BEACH MORTGAGE LOAN TRUST 2006-1, Appellant, v KEVIN C. MATOS, Respondent, et al., Defendants. [908 NYS2d 732]—

In an action to foreclose a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Dollard, J.), entered September 16, 2008, as, in effect, granted those branches of the motion of the defendant Kevin C. Matos which were to vacate his default in appearing or answering the complaint and for leave to serve a late answer.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and those branches of the motion of the defendant Kevin C. Matos which were to vacate his default in appearing or answering the complaint and for leave to serve a late answer are denied.

The defendant Kevin C. Matos (hereinafter the defendant) moved, inter alia, to vacate his default in appearing or answering the complaint on the ground that he had not received the summons and complaint and for leave to serve a late answer. Although the Supreme Court determined, after a hearing, that the defendant had been properly served pursuant to CPLR 308 (2), it vacated the defendant's default and granted the defendant leave to serve an answer.

As the Supreme Court determined that it had acquired personal jurisdiction over the defendant by proper service pursuant to CPLR 308 (2) (see Bossuk v Steinberg, 58 NY2d 916, 918 [1983]; Chase Manhattan Mtge. Corp. v Mitchell, 16 AD3d 539 [2005]), and there was no other reasonable excuse proffered for the defendant's default (see Tadco Constr. Corp. v Allstate Ins. Co., 73 AD3d 1022, 1023 [2010]; Jefferson v Netusil, 44 AD3d 621, 622 [2007]; Sime v Ludhar, 37 AD3d 817 [2007]), the Supreme Court had no basis upon which to vacate the default. Accordingly, those branches of the defendant's motion which were, in effect, pursuant to CPLR 5015 (a) (1) and (4) should have been denied.

Even if the defendant's motion were treated as one made pursuant to CPLR 317 (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 143 [1986]; Irwin Mtge. Corp. v Devis, 72 AD3d 743 [2010]; Mann-Tell Realty Corp. v Cappadora Realty Corp., 184 AD2d 497, 498 [1992]), the defendant failed to demonstrate that he did not receive notice of the action in time to defend (see Irwin Mtge. Corp. v Devis, 72 AD3d 743 [2010]). The plaintiff's evidence that a copy of the summons and complaint were mailed to the defendant's correct residence address created a presumption of proper mailing and of receipt (see De La Barrera v Handler, 290 AD2d 476, 477 [2002]; Udell v Alcamo Supply & Contr. Corp., 275 AD2d 453 [2000]). The defendant's mere denial of receipt, without more, did not rebut the presumption of proper mailing (see De La Barrera v Handler, 290 AD2d at 477; Udell v Alcamo Supply & Contr. Corp., 275 AD2d 453 [2000]; Matter of Rosa v Board of Examiners of City of N.Y., 143 AD2d 351 [1988]), especially where, as here, the plaintiff presented evidence at the hearing that the defendant received a summons and complaint in another action at the same address (see Facey v Heyward, 244 AD2d 452, 453 [1997]).

Accordingly, those branches of the defendant's motion which were to vacate his default in appearing or answering the complaint and for leave to serve a late answer should have been denied. Rivera, J.P., Covello, Eng, Leventhal and Austin, JJ., concur.