OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
In this action to recover for telephone services provided by plaintiff to defendant, the summons and complaint were served upon the Secretary of State, pursuant to Business Corporation Law § 306, in 2003. Upon defendant’s failure to appear and answer the complaint, plaintiff obtained a default judgment. Thereafter, defendant moved to vacate the default judgment. In an order entered March 15, 2010, the Civil Court denied defendant’s motion. On appeal, defendant claims that it did not receive notice of the summons and complaint because, in 1996, it had moved from the address to which process was mailed.
While there is no per se rule under CPLR 5015 which precludes a corporation from establishing, as its reasonable excuse for defaulting in an action, its failure to keep its current address on file with the Secretary of State (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 143 [1986]), courts should consider, as one factor in determining whether such an excuse is reasonable, the length of time for which the address had not been kept current (see id.). Since defendant, by failing to update its address for seven years, breached its obligation to keep a current address on file with the Secretary of State (Business Corporation Law § 306), we find that defendant has not demonstrated a reasonable excuse for defaulting in this action (Eugene Di Lorenzo, Inc. at 143; Widgren v 313 E. 9th Assoc., 295 AD2d 146 [2002]; Crespo v A.D.A. Mgt., 292 AD2d 5 [2002]; Cedeno v Wimbledon Bldg. Corp., 207 AD2d 297 [1994]; Long Is. Indus. Group Two LLC v Prime Communications Inc., 13 Misc 3d 127[A], 2006 NY Slip Op 51668[U] [App Term, 9th & 10th Jud Dists 2006]).
While relief from a default judgment may be obtained pursuant to CPLR 317 where service was made in a manner other than by personal delivery and the defaulting party did not *41 receive actual notice of the summons in time to defend (Persaud v Gallante Props., Inc., 11 AD3d 442 [2004]; Udell v Alcamo Supply & Contr. Corp., 275 AD2d 453 [2000]), here not only was the address that defendant had on file with the Secretary of State stale, but defendant also failed to rebut proof offered by plaintiff that an additional copy of the summons and complaint had been mailed to defendant’s current address. The affidavit of service raised a presumption that a proper mailing had occurred and that defendant had received the summons and complaint. Defendant’s mere denial of receipt, without more, was insufficient to rebut this presumption (see Udell, 275 AD2d at 454; Facey v Heyward, 244 AD2d 452 [1997]). Accordingly, defendant’s motion to vacate the default judgment was properly denied.
Pesce, RJ., Golia and Steinhardt, JJ., concur.