In an action to foreclose a mortgage, the defendant Douglas Westervelt, Jr., appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated June 26, 2012, which denied his motion, inter alia, pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale of the same court entered December 4, 2012, upon his default in answering the complaint.
Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Dutchess County, for a hearing to determine whether the appellant was properly served with process and for a new determination of the motion thereafter.
In May 2008, the defendant Douglas Westervelt, Jr. (hereinafter the appellant), executed and delivered to the plaintiff an adjustable rate note, wherein he acknowledged a loan and promised to pay the sum of $220,000 plus interest for a 30-year period. The note was secured by a mortgage on real property located in LaGrangeville (hereinafter the subject property). In March 2009, the plaintiff commenced this foreclosure action. According to the affidavit of service, copies of the summons and verified complaint and other related documents were personally delivered to the appellant on April 7, 2009, at the subject property. The appellant did not answer the complaint and, on December 4, 2009, the Supreme Court signed a judgment of foreclosure and sale. On January 24, 2012, the property was sold at auction to the plaintiff as the highest bidder. In April 2012, the appellant moved, inter alia, pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale that had been entered upon his default. The Supreme Court denied the appellant’s motion.
“Service of process must be made in strict compliance with statutory ‘methods for effecting personal service upon a natural *897 person’ pursuant to CPLR 308” (Estate of Waterman v Jones, 46 AD3d 63, 65 [2007], quoting Macchia v Russo, 67 NY2d 592, 594 [1986]). “ ‘It is axiomatic that the failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void’ ” (Krisilas v Mount Sinai Hosp., 63 AD3d 887, 889 [2009], quoting McMullen v Amone, 79 AD2d 496, 499 [1981]). A defect in service is not cured by the defendant’s subsequent receipt of actual notice of the commencement of the action (see Feinstein v Bergner, 48 NY2d 234, 241 [1979]; Krisilas v Mount Sinai Hosp., 63 AD3d at 889; Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343, 344 [2003]). “When a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015 (a) (4), the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015 (a) (1)” (Roberts u Anka, 45 AD3d 752, 753 [2007]). “The burden of proving that personal jurisdiction has been acquired over a defendant in an action rests with the plaintiff’ (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589 [2009]; see Washington Mut. Bank v Holt, 71 AD3d 670 [2010]). “Ordinarily, a process server’s affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service” (Wells Fargo Bank, NA v Chaplin, 65 AD3d at 589; see Washington Mut. Bank v Holt, 71 AD3d at 670). Where there is a sworn denial that a defendant was served with process, the affidavit of service is rebutted and the plaintiff must establish jurisdiction at a hearing by a preponderance of the evidence (see Wells Fargo Bank, NA v Chaplin, 65 AD3d at 589). In order to warrant a hearing on the issue of service, a defendant must swear to detailed and specific facts to rebut the statements in the process server’s affidavit (see US Natl. Bank Assn. v Melton, 90 AD3d 742, 743 [2011]; Engel v Boymelgreen, 80 AD3d 653, 654 [2011]).
Here, the Supreme Court erred in determining the motion without first conducting a hearing, as the appellant demonstrated his entitlement to a hearing on the issue of service by his sworn denial, setting forth significant discrepancies between the age and weight of the person allegedly served and the appellant’s actual age and weight at the time of the purported service (see Kopman v Blue Ridge Ins. Co., 296 AD2d 479, 480 [2002]). Under these circumstances, the appellant is entitled to a hearing on the issue of whether service was properly effected pursuant to the personal delivery provisions of CPLR 308 (1) (see Wells Fargo Bank, N.A. v Christie, 83 AD3d 824, 825 [2011]; Washington Mut. Bank v Holt, 71 AD3d at 671; Wells Fargo *898 Bank, NA v Chaplin, 65 AD3d at 589-590). Accordingly, we remit the matter to the Supreme Court, Dutchess County, for a hearing to determine whether the appellant was properly served with process and for a new determination of the motion thereafter.
Dillon, J.E, Angiolillo, Dickerson and Cohen, JJ., concur.