Veeramuthu P. Gounder, Appellant,
against
Communicar, Inc. and the Board of Directors, Respondents.



Appeal from an order of the Civil Court of the City of New York, Queens County (William A. Viscovich, J.), entered December 17, 2014. The order denied plaintiff's motion to vacate a prior order of the same court entered October 1, 2014 granting defendants' unopposed motion to, among other things, dismiss the action, and, upon such vacatur, to restore the action to the trial calendar.




ORDERED that the order entered December 17, 2014 is affirmed, without costs.
In the endorsed complaint in this action, plaintiff, who is self-represented, states that he seeks to recover the principal sum of $25,000 based on breach of contract or warranty, loss of time from work, and loss of use of property. By order entered May 23, 2013, the Civil Court (Barry A. Schwartz, J.) consolidated for all purposes this action, bearing index No. 92419/11, with two others, bearing index Nos. 32361/12 and 27168/12, under index No. 92419/11.
Defendants moved, pursuant to CPLR 3126, for an order precluding plaintiff from testifying at trial, based on his failure to provide relevant testimony at a court-ordered deposition, and thereupon dismissing the action, and for other relief. Plaintiff failed to submit any opposition papers to the motion, although he appeared and orally argued against it. In an order entered October 1, 2014, the Civil Court (William A. Viscovich, J.) granted defendants' motion "in the absence of opposition," and dismissed the action. By order entered December 3, 2014, this court dismissed plaintiff's appeal from that order on the ground that no appeal lies from an order entered upon the default of the appealing party. Plaintiff then moved to vacate the October 1, 2014 order dismissing the action and to restore the action to the trial calendar. By order entered December 17, 2014, the Civil Court (William A. Viscovich, J.) denied plaintiff's motion. Plaintiff appeals from the December 17, 2014 order.
Plaintiff was obligated to demonstrate both a reasonable excuse for his prior default and a potentially meritorious opposition to defendants' motion (see Brinson v Pod, 129 AD3d 1005 [2015]; see also CPLR 5015 [a] [1]). In his motion papers, plaintiff denied that he had received defendants' motion papers. Defendants refuted this claim by their submission of an attorney's affirmation of service, showing that they had sent plaintiff their motion papers by Federal Express to the address plaintiff had stated on the summons with endorsed complaint, and their submission of a copy of a tracking update from Federal Express showing that the papers had been delivered to plaintiff at that address. These papers raised a presumption that defendant's motion [*2]papers had been properly served, and plaintiff's conclusory denial of receipt, without more, was insufficient to rebut the presumption (see Kihl v Pfeffer, 94 NY2d 118, 122 [1999]; Udell v Alcamo Supply & Contr. Corp., 275 AD2d 453, 453-454 [2000]). Since plaintiff failed to establish a reasonable excuse for his default, his motion was properly denied, and thus we do not consider whether plaintiff established a potentially meritorious opposition to defendants' motion.
We note that throughout the course of this litigation, plaintiff has submitted copious materials to the courts, but has not followed established rules of procedure, and has instead requested leniency on account of his pro se status. However, a litigant who appears pro se does so at his or her own peril and acquires no greater right than that of any other litigant (see Roundtree v Singh, 143 AD2d 995 [1988]; CMP Protective & Investigative Group, Inc. v Antongiorgi, 44 Misc 3d 143[A], 2014 NY Slip Op 51328[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]).
Accordingly, the order entered December 17, 2014 is affirmed.
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: May 17, 2017