U.S. Bank N.A. v Logan Estates, LLC (2023 NY Slip Op 00687)

U.S. Bank N.A. v Logan Estates, LLC

2023 NY Slip Op 00687

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2020-00781
 (Index No. 501788/16)

[*1]U.S. Bank National Association, etc., respondent,
v
Logan Estates, LLC, appellant, et al., defendants.

Berg & David PLLC, Brooklyn, NY (Abraham David and Gordon Speckhard of counsel), for appellant.
Greenberg Traurig, LLP, New York, NY (Sarah D. Lemon, Patrick G. Broderick, and Adam Hartley of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Logan Estates, LLC, appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated December 2, 2019. The order denied the motion of the defendant Logan Estates, LLC, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction, or, in the alternative, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it as abandoned, or, in the alternative, pursuant to CPLR 317 to vacate its default in appearing or answering the complaint and pursuant to CPLR 3012(d) for leave to serve a late answer.
ORDERED that the order is affirmed, with costs.
In February 2016, the plaintiff commenced this foreclosure action against the defendant Logan Estates, LLC (hereinafter Logan), among others. The plaintiff served Logan with process via the Secretary of State. Logan did not appear or answer the complaint.
In November 2016, the plaintiff presented an ex parte proposed order of reference, which was returned for correction. In March 2018, the plaintiff presented a new ex parte proposed order of reference.
In September 2019, Logan moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction, or, in the alternative, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it as abandoned, or, in the alternative, pursuant to CPLR 317 to vacate its default in appearing or answering the complaint and pursuant to CPLR 3012(d) for leave to serve a late answer. The plaintiff opposed the motion. By order dated December 2, 2019, the Supreme Court denied the motion. Logan appeals.
The Supreme Court properly denied that branch of Logan's motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction. "The burden of proving that personal jurisdiction has been acquired over a defendant in an action rests with the plaintiff" (JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d 1183, 1185; see Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589). A process server's affidavit [*2]of service constitutes prima facie evidence of proper service (see JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d at 1185; US Bank N.A. v Ramos, 153 AD3d 882, 884). "'In order to warrant a hearing to determine the validity of service of process, the denial of service must be substantiated by specific, detailed facts that contradict the affidavit of service'" (JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d at 1185, quoting Washington Mut. Bank v Huggins, 140 AD3d 858, 859; see Machovec v Svoboda, 120 AD3d 772, 773-774).
Here, the record includes an affidavit of service from the plaintiff's process server, indicating that service upon Logan was effected by delivery of the summons and complaint to the Secretary of State, which creates a presumption of proper service (see CPLR 311[a][1]; Business Corporation Law § 306; Josephs v AACT Fast Collections Servs., Inc., 155 AD3d 1010, 1013). Logan contends that it raised an issue of fact by proffering the affidavit of its managing member, who denied receipt of the summons and complaint. However, the mere denial of receipt of the summons and complaint was insufficient to rebut the presumption of proper service created by the affidavit of service (see CPLR 311[a][1]; Business Corporation Law § 306; Gartner v Unified Windows, Doors & Siding, Inc., 71 AD3d 631, 632; Coyle v Mayer Realty Corp., 54 AD3d 713).
Furthermore, the Supreme Court properly denied that branch of Logan's motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it as abandoned. CPLR 3215 permits a plaintiff to seek a default judgment against a defendant who does not appear, but, "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned" (id. § 3215[c]). "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308 [internal quotation marks and citation omitted]). "To avoid dismissal pursuant to CPLR 3215(c), '[i]t is not necessary for a plaintiff to actually obtain a default judgment within one year of the default . . . [n]or is a plaintiff required to specifically seek the entry of a judgment within a year'" (Deutsche Bank Natl. Trust Co. v Attard, 197 AD3d 619, 620, quoting US Bank N.A. v Dorestant, 131 AD3d 467, 469). "As long as the plaintiff has initiated proceedings for the entry of a judgment within one year of the default, there is no basis for dismissal of the complaint pursuant to CPLR 3215(c)" (Federal Natl. Mtge. Assn. v Edmund-Henry, 188 AD3d 652, 654).
Here, the Supreme Court properly determined that the plaintiff's ex parte application for an order of reference in November 2016 satisfied the requirement of CPLR 3215(c) that the plaintiff take proceedings for the entry of a judgment within one year after the defendant's default (see Deutsche Bank Natl. Trust Co. v Kenol, 205 AD3d 1004). Contrary to Logan's contention, the fact that the court returned the proposed order of reference for correction is beside the point, as the mere presentment of it established the plaintiff's intent to proceed toward the entry of judgment and not to abandon the action (Citibank, N.A. v Kerszko, 203 AD3d 42, 52).
Moreover, Logan failed to establish that it did not receive actual notice of the summons in time to defend the action pursuant to CPLR 317, or that it had a reasonable excuse for its delay in appearing or answering the complaint pursuant to CPLR 3012(d) (see US Bank N.A. v Lawrence, 191 AD3d 929). Accordingly, the Supreme Court properly denied those branches of Logan's motion which were pursuant to CPLR 317 to vacate its default in appearing or answering the complaint and pursuant to CPLR 3012(d) for leave to serve a late answer.
Logan's remaining contention need not be reached in light of our determination.
DUFFY, J.P., CHRISTOPHER, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court