Saxon Mtge. Servs., Inc. v Reynoso (2024 NY Slip Op 05468)

Saxon Mtge. Servs., Inc. v Reynoso

2024 NY Slip Op 05468

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-07442
 (Index No. 6388/08)

[*1]Saxon Mortgage Services, Inc., etc., appellant,
v
Xavier Reynoso, et al., defendants; 22 Woodbine Equities, LLC, nonparty-respondent.

Duane Morris LLP, New York, NY (Brett L. Messinger and Brian J. Slipakoff of counsel), for appellant.
Horowitz PLLC, New York, NY (Kenneth P. Horowitz of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated July 15, 2022. The order, insofar as appealed from, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c).
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c) is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, with costs.
In February 2008, the plaintiff commenced this action to foreclose a mortgage on certain property located in Brooklyn against the mortgagor, Xavier Reynoso, among others. None of the defendants appeared in the action or answered the complaint. In September 2008, the plaintiff filed a request for judicial intervention (hereinafter RJI) seeking an ex parte order of reference and paid the corresponding motion fee. In February 2014, nonparty 22 Woodbine Equities, LLC (hereinafter 22 Woodbine), acquired the property from Reynoso.
In an order dated March 13, 2014, following a status conference, the Supreme Court, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c) (hereinafter the first order of dismissal). More than three years later, in October 2017, the plaintiff moved, among other things, to vacate the first order of dismissal and to restore the action to the active calendar, contending that it had not abandoned the action within the meaning of CPLR 3215(c). In an order dated March 1, 2018, the court granted the motion, vacated the first order of dismissal, restored the action to the active calendar, and reinstated the notice of pendency.
In August 2019, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendants. 22 Woodbine cross-moved for leave to intervene in the action as the owner [*2]of the property, and upon intervention, among other things, to dismiss the complaint pursuant to CPLR 3215(c). In opposition to the cross-motion, the plaintiff, inter alia, submitted copies of the first order of dismissal, its motion papers seeking to vacate that order, and the order dated March 1, 2018, vacating the first order of dismissal. The plaintiff argued, among other things, that the Supreme Court had already decided that the complaint was not abandoned pursuant to CPLR 3215(c) and that determination was correct and the law of the case. In an order dated July 15, 2022, the court rejected the plaintiff's submissions relating to the issue of whether the complaint had been abandoned pursuant to CPLR 3215(c) as improperly submitted for the first time in reply, denied the plaintiff's motion, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c), and denied, as academic, 22 Woodbine's cross-motion. The plaintiff appeals from so much of the order as, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c).
The Supreme Court erred in rejecting the plaintiff's submissions relating to the issue of whether the complaint had been abandoned pursuant to CPLR 3215(c), as they were properly submitted in opposition to 22 Woodbine's cross-motion and in response to the arguments raised in opposition to the plaintiff's motion (see generally HSBC Bank USA, N.A. v Gordon, 210 AD3d 877, 880; Citimortgage, Inc. v Espinal, 134 AD3d 876, 879). Furthermore, "[w]hen a trial justice executes an order which is jurisdictionally valid, that order becomes the law of the case which may be undone only by appellate review and reversal, or by application to reargue or renew or to vacate made to the ordering judge" (Parker v McMahon, 53 AD2d 1034, 1034). Here, the court previously decided the issue of whether the complaint had been abandoned pursuant to CPLR 3215(c) in its order dated March 1, 2018. As that order had not been disturbed, the court erred in, sua sponte, directing dismissal of the complaint pursuant to CPLR 3215(c) (see Citimortgage, Inc. v Pierce, 203 AD3d 878, 880; Brownrigg v New York City Hous. Auth., 29 AD3d 721, 722).
Although this Court is not bound by the Supreme Court's prior determination that the plaintiff did not abandon the action pursuant CPLR 3215(c) (see Mosher-Simons v County of Allegany, 99 NY2d 214, 218), there is no occasion to disturb that prior determination. CPLR 3215(c) directs the court to dismiss a complaint as abandoned if the plaintiff has failed "to take proceedings for the entry of judgment" within one year after a defendant's default, "unless sufficient cause is shown why the complaint should not be dismissed." The plaintiff need only have "initiated proceedings for the entry of a judgment" within that year, and is not required to have obtained a default judgment within that time (Aurora Loan Servs., LLC v Bandhu, 175 AD3d 1470, 1471; see 1077 Madison St., LLC v Dickerson, 197 AD3d 443, 445-446). Here, within one year of the respective defendants' defaults, the plaintiff "took the preliminary step toward obtaining a default judgment of foreclosure and sale by filing an RJI and a proposed ex parte order of reference and paying a motion fee" (1077 Madison St., LLC v Dickerson, 197 AD3d at 446; see U.S. Bank N.A. v Logan Estates, LLC, 213 AD3d 792, 794; Deutsche Bank Natl. Trust Co. v Kenol, 205 AD3d 1004, 1005; Federal Natl. Mtge. Assn. v Edmund-Henry, 188 AD3d 652, 654). Accordingly, the plaintiff did not abandon the action pursuant to CPLR 3215(c).
BRATHWAITE NELSON, J.P., CHAMBERS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court